## Case No. 580.

### ASHCROFT v. WALWORTH et al.

[Holmes, 152;[1] 5 Fish. Pat. Cas. 528; 2 O. G. 546.]

Circuit Court, D. Massachusetts. May 6, 1872.

PATENTS FOR INVENTIONS — ASSIGNMENT OF PATENT BY COURT—RECORDATION—BONA FIDE PURCHASER.

1. The title of an insolvent debtor to, or his interest in, letters-patent of the United States for an invention, does not pass to his assignee in insolvency by an assignment of his property, made by a judge of probate and insolvency under the insolvency law of Massachusetts.

[Cited in Gordon v. Anthony, Case No. 5,605.]

[2. Cited in Ager v. Murray, 105 U. S. 131, as containing an intimation that the state court might compel an insolvent debtor to execute a conveyance of such title for the benefit of his creditors.]

3. An assignment of all the grantor's right, title, and interest, in and to a certain patent, carries only the existing interest of the grantor at the time of the assignment.

4. An unrecorded assignment of all the grantor's right, title, and interest, in and to a certain patent, is good as against a subsequent recorded assignment by the same grantor to a purchaser having notice of the previous assignment.

[See Continental Windmill Co. v. Empire Windmill Co., Case No. 3,142.]

In equity. Bill in equity for an injunction to restrain alleged infringement of letters-patent for an improvement in pipe-tongs, granted to James R. Brown Nov. 30, 1858, [No. 22,157,] and for an account of profits. The defendants claimed the right to make and sell the patented article under several assignments. Among these was an assignment of the property of the patentee, then an insolvent debtor, duly made to one Kingsbury, his assignee in insolvency, by a judge of probate and insolvency, according to the insolvency law of Massachusetts; and a subsequent assignment by Kingsbury of all his right, title, and interest in and to the letters-patent. The defendants also claimed the right to make and sell the patented article under conveyances of Richard A. Brown to one Norton. It appeared that, on the 12th of October, 1860, Richard A. Brown was the owner, by the patentee's assignment, of an exclusive right to manufacture the patented article, and on that date assigned back to the patentee all his right, title, and interest, in and to the patent. Subsequently he conveyed all his right, title, and interest, to Norton. His conveyances to Norton were recorded in the patent office before his assignment to the patentee was; but Norton took them with knowledge of that assignment.

James B. Robb, for complainant.

Chauncey Smith and W. W. Swan, for defendants.

SHEPLEY, Circuit Judge. -The patent in this case was granted to James R. Brown

[1][Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

Nov. 30, 1858. Previously to this time, Nov. 6, 1858, Brown had conveyed to one William Freedly one-half of his interest in the invention, and any patent which might be granted therefor. On the 31st of March, 1859, Freedly conveyed his interest to Silas B. Goldthwait. The title stood one-half in James R. Brown and one-half apparently in Goldthwait on the sixteenth day of June, 1860, at which time James R. Brown went into insolvency under the law of Massachusetts. It is claimed by the defendants, that, by virtue of the proceedings in insolvency, all the interest which James R. Brown then had in the patent passed to George H. Kingsbury, his assignee. The insolvent law of Massachusetts authorized the judge, "by an instrument under his hand, to assign and convey to the assignee all the estate, real and personal, of the debtor, except such as is by law exempt from attachment, with all his deeds, books, and papers relating thereto;" and it provided that "the assignment shall vest in the assignee all the property of the debtor, real and personal, which he could lawfully have sold, assigned, or conveyed, or which might have been taken on execution upon a judgment against him," &c., * * * "and shall be effectual to pass all said estate," &c. Under this statute, it has been decided that the property vests in the assignee by force of the statute rather than by virtue of the terms of the assignment. Clarke v. Minot, 4 Metc. [Mass.] 346, 348.

The act of congress of 1836, c. 357, § 11, [5 Stat. 121,] provides that every patent shall be assignable at law, either as to the whole interest or any undivided part thereof, by an instrument in writing; which assignment shall be recorded in the patent office within three months from the execution thereof. This act clearly contemplates a written instrument, signed by the owner of the patent and duly recorded in the patent office, as necessary to vest the legal title in the purchaser. The insolvent law of Massachusetts provides further, for confirming the assignment made by the judge, by making it the duty of the debtor "to execute all such deeds and writings, and do all such other lawful acts and things, as may be necessary or useful for confirming the assignment so made by the judge, and to enable the assignee to receive or become possessed of all the estate and effects assigned as aforesaid, especially such part thereof as may be without the commonwealth." This is an express recognition of the fact that there may be property so situated in other countries or states or territories, that the assignment itself would be ineffectual to pass it and transfer the title to the assignee without an instrument of conveyance from the debtor. Especially is this the case with patent-rights; for, in the language of Mr. Justice Curtis, "these incorporeal rights (copy-rights and letters-patent) do not exist in any particular state or district: they are coexten-

sive with the United States. There is nothing in the act of congress or in the nature of the rights themselves to give them locality anywhere so as to subject them to the process of courts having jurisdiction limited by the lines of states and districts." Stevens v. Gladding, 17 How. [58 U. S.] 451.

It might have been competent for the court under the insolvent law to have compelled the debtor to execute such an instrument in writing as, in accordance with the provisions of the patent act, would have been effectual to transfer the title in the patent to the assignee. If a right in a patent was such property as did not come within the exceptions of the insolvent law, as property not liable to attachment, or if it is of such a nature that it is subject to the operation of state insolvent laws, this would seem to have been the only proper and effectual mode to have made it available for the benefit of the creditors. Without such a conveyance as the statute of the United States contemplates, we do not think the assignee acquires any legal title to any interest the debtor may have in any letters-patent. To invest the assignee with the legal title, the court must compel a transfer in conformity with the requirements of the patent act. Stephens v. Cady, 14 How. [55 U. S.] 530, 531. No title, therefore, vested in Kingsbury, the assignee, no such instrument in writing assigning the debtor's interest to him ever having been made and recorded in conformity with the requirements of the act of congress.

The defendants did not acquire any title through the conveyances to Richard A. Brown, and from him to Norton. Before the conveyances from Richard A. Brown to Norton, he had reconveyed to his father, James R. Brown; and although that conveyance was not recorded, it was good as against Norton, for Richard A. Brown only undertook to convey whatever right, title, or interest he had under the patent to manufacture the thing patented; not the patent itself, or any undivided interest therein. Nothing passed but the actual interest the grantor had at the time. Brown v. Jackson, 3 Wheat. [16 U. S.] 449. Norton was not a bona fide purchaser, but took the conveyances with full knowledge of the previous conveyance from Richard A. Brown to James R. Brown. Complainant is entitled to a decree for an account of the patented pipe tongs made, used, or sold by the defendants since the conveyance to the complainant; and to an injunction, according to the prayer in the bill.

[Decree for complainant for account and injunction as prayed for—decree to be drawn up and submitted to the court.][1]

[NOTE. There are no other cases involving this patent reported prior to 1880.]

[1][From 2 O. G. 546, and 5 Fish. Pat. Cas. 528.]