PETITION OF ROBERT L. KEACH, Receiver, in *Briggs* v. *Chadwick*.

A receiver of an insolvent debtor, appointed under Pub. Stat. R. I. cap. 237, § 13, is entitled to a patent right belonging to the debtor.
The words in this statutory provision, "exempted from attachment by law," mean exempt by statute.
Under this statutory provision the court may order the debtor to assign his patent right to the receiver.

PETITION for an order of the court.
The petitioner was by a decree of this court entered October 25,

1884, appointed receiver of the property of Chadwick & Lester, an insolvent copartnership, under Pub. Stat. R. I. cap. 237, § 13, which is as follows:

SECT. 13. Whenever any debtor, being insolvent, shall do any act or make any conveyance whereby any one of his creditors shall obtain a preference over any other of his creditors, or omit to do any act which he might lawfully do to prevent one of his creditors from obtaining a preference over his other creditors, contrary to the intent of this chapter, any one or more of his creditors holding not less than one fifth of the debts in amount of such debtor may file a petition in equity in the Supreme Court in the county where such debtor resides, but which may be heard in any county, and after notice to the debtor and to the creditors sought to be preferred of the time and place of hearing thereon, the court sitting in banc shall proceed, summarily, to hear the parties; and if it shall appear to the court that such debtor is insolvent, and has been giving or is about to give a preference to any of his creditors over others of such creditors, the court shall appoint, from the nominations by the creditors, a receiver, who shall take possession of all the property, evidences of property, books, papers, debts, *choses in action*, and estate of every kind of the debtor, including estate and property attached or levied on within sixty days prior to the filing of said petition and remaining unsold as aforesaid, and including also all estate and property theretofore conveyed by such debtor in fraud of the rights of creditors or in violation of the provisions of this chapter, but excepting so much of said estate and property, other than debts secured by bills of exchange or negotiable promissory notes, as is or shall be exempted from attachment by law, and convert the same into money, and marshal and distribute the same among the several creditors of the insolvent, whether their claims are due or to become due, who shall come in and prove their respective claims within such time and in such manner as the court shall direct, and the court shall order such debtor to file a schedule of his debts and to whom due, and of his property, and to do whatever may be necessary and proper to carry this chapter into effect, and all proceedings therein or thereunder shall be in accordance with the course of equity and such as the court shall by general rule or by special order prescribe.

November 29, 1884, the receiver filed his petition stating that Chadwick & Lester owned certain patent rights under the laws of the United States which they refused to transfer to the receiver unless ordered by the court, and praying for an order requiring an immediate transfer.

*December* 2, 1884: PER CURIAM. The receiver of an insol- vent debtor under Pub. Stat. R. I. cap. 237, § 13, is required to " take possession of all the property, evidences of property, books, papers, debts, *choses in action*, and estate of every kind of the debtor," &c., . . . " excepting so much of said estate and prop- erty, other than bills of exchange and negotiable promissory notes, as is or shall be exempted from attachment by law." We think the receiver is entitled by this language to a patent right belong- ing to the debtor. We do not think a patent right is within the exception ; for though not liable to attachment, on account of its intangible or incorporeal character, it is not " exempted from at- tachment by law," within the meaning of the statute. The ex- emption meant is exemption by statute. The phrase " except what is exempted (or exempt) from attachment by law " is used, and has long been used, in the assignment, oath, and certificate prescribed in the provisions for the relief of poor debtors, and it has always, so far as we know, been construed as covering only statutory exemptions.

The court is authorized by § 13 to order the debtor " to do whatever may be necessary and proper to carry this chapter into effect, and all proceedings therein or thereunder shall be in ac- cordance with the course of equity." The court is therefore empowered to order the debtor to convey the patent right to the receiver, if such conveyance is necessary and proper to give the receiver full dominion over it. In *Ashcroft* v. *Walworth*, 1 Holmes, 152, it was decided in the Circuit Court, Shepley, J., delivering judgment, that the legal title in a patent right belonging to an insolvent debtor did not pass to his assignee in insolvency by the assignment made by a judge of probate and insolvency under the insolvency law in Massachusetts, though the assignee was entitled to the patent right under the law and could compel an assignment by the debtor. The ground of the decision is that the act of Congress requires that the assignment shall be by an instrument

in writing, to be recorded in the Patent Office. The decision of the Supreme Court of the United States in *Ager* v. *Murray*, 15 Otto, 126, seems to import that the instrument in writing may be made by some person appointed for that purpose by the court. Even if that be so, we do not think it will prevent our requiring the assignment from the debtor. Let a decree be entered directing a conveyance or assignment as prayed.

*Rollin Mathewson*, for petitioner.

*Stephen A. Cooke, Jun., & Louis L. Angell*, contra.