**BROWN-BROCKMEYER COMPANY, Plaintiff-Appellee, v. TROWBRIDGE, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2143. Decided April 9, 1951.

A. K. Meck, Dayton, for plaintiff-appellee.

C. William O'Neill, Atty. Genl., Joseph S. Deutschle, Jr., J. Ralston Werum, Asst. Attys. Genl., Columbus, for defendant-appellant, Board of Review.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court denying unemployment compensation to the claimant and appellant herein, Naomi Trowbridge.

The record reveals that the claimant quit her employment with the Brown-Brockmeyer Company, Appellee, in Dayton, Ohio, on July 5, 1945, to visit with her son who was in the armed service in California, and there she obtained employment for approximately one month, starting about September 1, 1945; that she next obtained employment in California about November 1, 1945, and worked until March 5, 1946. At the time of filing her initial claim in California on March 22, 1946, claimant stated that she quit because the work was too hard for her and in later correspondence she stated that her California employer sold out and went out of business.

On May 4, 1946, the appellee wrote to the claimant in California offering her a job in Dayton, Ohio. On May 11th claimant replied stating that she was residing in California and could not return to Dayton at the time because of lack of funds and also because she thought she could find work there.

The court found the issues in this case to be the same as were presented in the case of **Brown-Brockmeyer v. Holmes, 152 Oh St 411.**

We have carefully examined the Holmes case, supra, and are in accord with the ruling of the trial court. The claimant attempts to distinguish this case from the Holmes case. stating that she had established a residence in California, while in the Holmes case such a fact does not appear. We have examined the record in the Holmes case and find the referee states that Holmes had established his residence in California. Therefore, these cases are not distinguishable on the facts, but even though they differed in this respect it could not change the result. The term "residence" as used in §1345-6-e-(3) GC "has reference to the residence of the claimant at the time he quit his employment." Brown-Brockmeyer Co. v. Holmes, supra, 415. Therefore, in the instant case the work was not at an unreasonable distance from the claimant's residence, as her residence was at Dayton, Ohio, when she quit her employment.

It is our conclusion that by refusing to accept the offer of re-employment made by the appellee herein the claimant waived her right to unemployment compensation.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.