JOHN M. CONNELL & others *vs.* JOSIAH T. REED & another.

Suffolk.   March 16.—17, 1880.   AMES & LORD, JJ., absent.

If a person can have a trade-mark in the words "East Indian" in connection with the word "remedy" upon bottles of medicine, (which is at least doubtful,) yet if he has falsely adopted and used these words to denote, and to indicate to the public, that the medicines were used in the East Indies, and that the formula for them was obtained there, he cannot maintain a bill in equity to restrain an infringement of such trade-mark.

GRAY, C. J.   This is a bill in equity to restrain the defend·ants from infringing upon an exclusive right claimed by the plaintiffs in the words "East Indian," used together with the word "remedy" or "remedies," as a trade-mark upon bottles of medicine.

Although the master reports that there was no evidence that any other person than the plaintiffs or their agents had ever used these words in connection with the manufacture and sale of medicines, it is at least doubtful whether words in common use as designating a vast region of country and its products can be appropriated by any one as his exclusive trade-mark, separately from his own or some other name in which he has a peculiar right. *Canal Co.* v. *Clark,* 13 Wall. 311. *Taylor* v. *Carpenter,* 3 Story, 458, and 2 Sandf. Ch. 603. *Gilman* v. *Hunnewell,* 122 Mass. 139, 148.

But the conclusive answer to this suit is that the master has found, upon evidence which appears to us to be satisfactory, that the plaintiffs have adopted and used these words to denote. and to indicate to the public, that the medicines were used in the East Indies, and that the formula for them was obtained there, neither of which is the fact.   Under these circumstances, to maintain this bill would be to lend the aid of the court to a scheme to defraud the public. *Pidding* v. *How,* 8 Sim. 477. *Perry* v. *Truefitt,* 6 Beav. 66, 76.   *Leather Cloth Co.* v. *American Leather Cloth Co.* 4 DeG., J. & S. 137, and 11 H. L. Cas. 523, 532, 542, 548.   *Palmer* v. *Harris,* 60 Penn. St. 156.   The decree dismissing the bill must therefore be      *Affirmed, with costs.*

*J. L. S. Roberts,* for the plaintiffs.

*C. Robinson, Jr. & G. A. Blaney,* for the defendants, were not called upon.