### ALFRED D. WARREN *vs.* WARREN THREAD COMPANY & another.

Worcester. Oct. 9, 1882. — Feb. 28, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

The right to use trade-marks, in connection with a manufacturing business, which are not personal in their character, but designate merely the place or establishment at which the goods are manufactured, passes to the assignee in insolvency of the owner, under the Gen. Sts. c. 118, § 44.

MORTON, C. J. This bill in equity alleges that the plaintiff, in December 1879, took the benefit of the insolvent laws of this State; that before his insolvency he carried on the business of manufacturing thread in Ashland, and in his business used, and had the right to the exclusive use of, certain trade-marks, copies of which are annexed to the bill; that the assignee in insolvency, who is one of the defendants, claims that the right to use the trade-marks passed to him as a part of the plaintiff's property; that the other defendant is using the said trade-marks; and it seeks to restrain the defendants from selling or using said trade-marks.

The demurrer raises the question whether, notwithstanding the insolvency proceedings, the plaintiff retains the exclusive right to the use of the trade-marks. It is apparent upon inspection that these are not mere personal trade-marks, the use of which by any other person than the plaintiff would operate as a fraud upon the public. His name does not appear upon any of them except one, and in that it is a subordinate part of the trade-mark. They are all designs or symbols designating the place or the establishment at which the thread is manufactured, and not implying any peculiar personal skill in the plaintiff as

the manufacturer, or importing necessarily that it is manufactured by him.

Whatever may be the law as to a trade-mark which is strictly personal, it is the settled law that the right to use a trade-mark in connection with the business in which it has been used is property which will be protected by the courts, and which may be sold and transferred. *Emerson* v. *Badger*, 101 Mass. 82. *Gilman* v. *Hunnewell*, 122 Mass. 139. In *Sohier* v. *Johnson*, 111 Mass. 238, the right to use such a trade-mark was recognized as property which would pass to an assignee, as an incident, under a transfer of the business and good will.

In *Kid* v. *Johnson*, 100 U. S. 617, the court say: "When the trade-mark is affixed to articles manufactured at a particular establishment and acquires a special reputation in connection with the place of manufacture, and that establishment is transferred either by contract or operation of law to others, the right to the use of the trade-mark may be lawfully transferred with it. Its subsequent use by the person to whom the establishment is transferred is considered as only indicating that the goods to which it is affixed are manufactured at the same place and are of the same character as those to which the mark was attached by the original designer." See also *Trade-mark cases*, 100 U. S. 82. The same principle is recognized in the English law; and it has been held that, under the bankrupt law, a trade-mark passes to the assignee of the owner. *Leather Cloth Co.* v. *American Leather Cloth Co.* 11 H. L. Cas. 523. *Motley* v. *Downman*, 3 Myl. & Cr. 1. *Hudson* v. *Osborne*, 39 L. J. (N. S.) Ch. 79.

Upon the authorities, and upon principle, it is clear that, before his insolvency, the plaintiff had a property in his trade-marks which would be protected by the law, and which he had the right to sell and assign, at least in connection with his business and establishment. The insolvent law provides that "the assignment shall vest in the assignee all the property of the debtor real and personal which he could have lawfully sold, assigned or conveyed." Gen. Sts. *c.* 118, § 44. Under this statute, all the plaintiff's property which he could assign passed to his assignee. It includes, *ex vi termini*, his manufacturing establishment, machinery, tools and fixtures, manufactured goods, and

the right to use the trade-marks in connection with the establishment and goods.

It necessarily follows that he has no exclusive right to use these trade-marks, and no ground for maintaining this bill.

*Exceptions overruled.*

*F. A. Gaskill,* for the plaintiff.

*B. L. M. Tower,* for the corporation.

*M. F. Dickinson, Jr. & H. R. Bailey,* for the assignee.