Nash, J.
The defendants in error- in the court of common pleas, asked for an injunction to restrain the plaintiffs in error from infringing upon an exclusive right claimed by them in the word “ Trommer,” used together with the words “ Extract of Malt Co.,” as a trade-mark upon bottles of a malt extract and advertising pamphlets.
The following facts appear from the bill of exceptions: The extract of malt sold by the defendants in error was made by one Gessner, and in accordance with a formula prepared by him. The preparation of this extract was begun in 1874. Many years before that time, Dr. Felix Von Nie *527 meyer, a German physician of some note, published a “ Text Book of Practical Medicine,” the third American edition of which was printed in 1870. This book was a standard work and became authority with physicians and students of medicine. In this book Dr. Niemeyer stated that in late years he had obtained very good effects from an extract of malt, prepared by Trommer. He also in general terms described Trommer’s malt-extract. Ziemssen, in his “ Cyclopedia of the Practice of Medicine,” a standard medical authority, also speaks of a malt-extract prepared from Trommer’s receipt. Gessner did not know Trommer’s receipt, and it is not claimed that the malt-extract' sold by the defendants in error was prepared in accordance with Trommer’s method, or that their malt-extract was like Trommer’s extract of malt. When they put their extract upon the market they adopted the word Trommer to be used as a trade-mark upon their labels and in their advertising matter.
What was the object in doing this ? Why was the name of Gessner — the real author of the extract — concealed and “Trommer” put forward as the catch word? There could have been but one motive, and that was that the public should be led to believe that the defendants in error were malting an extract of malt like that made by Trommer and mentioned by Niemeyer and Ziemssen. This object is made more apparent by an examination of the advertising pamphlets issued by the defendants in error. In these, upon the page immediately following the title page, are printed without note or comment, except to show where they came from, extracts from Niemeyer’s text book and Ziemssen’s cyclopedia in regard to Trommer’s extract of malt, and in such manner as to indicate to the ordinary reader that what these authors had written was in regard to their extract of malt.
It is well settled that where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct assertion which is untrue, a court of equity will not protect it by injunction. Leather Cloth Co. v. American Leather Cloth Co., 4 DeGex., Jones & Smith, 136; *528 4 H. of L. Cases, 523; Connell et al. v. Reed et al., 128 Mass., 477; Manhattan Medicine Co, v. Wood, 108 U. S., 218.
We think that the word “Trommer” was used by the defendants in error so as to hold out to the public that they were making a malt extract like that made by Trommer. This was a deception, and to the extent that the district court by its order protected them in the use of the word “ Trommer ” it erred. For this reason we reverse the judgment of the district court.
There are however other distinctive features of the trademarks, labels and circulars of the defendants in error which are not subject to the objection urged herein to the use of the word “ Trommer,” which the courts below were asked to and did protect by their decrees in this case. Some of these devices the plaintiffs in error wrongfully made use of, and in rendering the judgment which the district court should have rendered, we make our decree the same as that of the court below, except wherein it protects the defendants in the use of the word “ Trommer.”

Judgment accordingly.