WILLIAM G. BASSETT, Judge of Probate, *vs.* CHARLES T. PARSONS & trustee.

Hampshire. Sept. 16. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

The right which an insolvent debtor has in a policy of insurance on his life, payable to him in case he survives a certain day, which day is after the first publication of notice, passes to his assignee, under the Pub. Sts. c. 157, § 46.

An insurance company was summoned, by a special precept of attachment, as trustee of the principal defendant in an action against P. At the dates of the action and of the issuing of the trustee process, there was an outstanding policy of insurance issued by the trustee on the life of P. "for the benefit of the children of P.," and providing that, "if the said insured shall survive until" a certain day, which was before the service of the trustee process, "then the said sum insured shall be paid to him." After the action was brought, and before the service of the trustee process, P. went into insolvency, and C., his assignee in insolvency, appeared as claimant of the fund, his claim stating, if "the amount due . . . . was, at the time of the issuing said special precept of attachment, by the terms of said policy the property of said P. and liable to attachment as his estate, that the same belongs to him, the said C., as assignee aforesaid, and he therefore claims the same." *Held,* that the claim was sufficient.

HOLMES, J. This action was brought on April 13, 1880. A special precept of attachment was issued on November 7, 1884, and the Continental Life Insurance Company was summoned as trustee. At both dates, there was a policy outstanding on the life of the defendant, by the terms of which the sum insured had become absolutely payable to him on November 1, 1884, just before the service of the trustee process. After the bringing of the suit, and before the service of the trustee process, the defendant had gone into insolvency, and an assignee had been appointed, who appears as claimant of the fund. The defendant also makes a claim as trustee for his children, on the ground of

the language in the policy, — "do insure for the benefit of the children of Charles T. Parsons."

On these facts, we are of opinion that the trustee was rightly discharged. It is perfectly plain that the contract with the defendant, that, "if the said insured [i. e. the defendant] shall survive until the first day of November, 1884, then the said sum insured shall be paid to him," passed to the assignee by the assignment, unless it was held by the defendant in trust, as he contends. The defendant's right under the contract to have the sum so paid was "property," within the Pub. Sts. c. 157, § 46, from the moment the contract was made. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151. It is true that the promise to pay the defendant was in a certain event only. But the event was beyond the control of the promisor; and when by contract a party puts his future conduct as to paying or not paying out of his own power, and into that of another, the latter has a present right in the view of the law, although his enjoyment may depend upon events apart from human will. An opposite view would deprive policies of insurance, or contracts for the carriage and safe delivery of goods, the act of God and the public enemy excepted, of the character of property.

It is objected that the assignee does not rest his claim upon the assignment. The claim reads, if "the amount due . . . . was, at the time of the issuing of said special precept of attachment, by the terms of said policy the property of said Charles T. Parsons and liable to attachment as his estate, that the same belongs to him, the said Crafts, as assignee aforesaid, and he therefore claims the same," &c. Even if the assignee assigns a wrong reason for his claim, his claim is absolute, and the trustee's answer discloses a good reason for it in the facts which have been mentioned, unless the children are entitled. But we do not read the claim as made on the ground that the fund was liable to attachment at the date of the special precept, long after the assignment, and therefore passed to the assignee. We do not read it as setting forth any ground except what is implied by the allegation that he is assignee. The reference to the liability of the fund to attachment is simply for the purpose of admitting, by implication, that, if it is held to belong to the children, the assignee has no title.

As the trustee must be discharged, whether the assignee or the defendant's children have the better right, it is unnecessary to consider whether the children have any interest in the promise which has been discussed, by reason of the earlier words, " do insure the life of Charles T. Parsons . . . . for the benefit of his children," &c.; or whether, by reason of his surviving until November 1, 1884, the contract has ceased to be an insurance, and has become a simple debt to Parsons, to his own use.

*Trustee discharged.*

*J. A. Wainwright,* (*D. Hill* with him,) for the plaintiff.

*J. C. Hammond,* (*D. W. Bond* with him,) for Parsons and the assignee.