CHARLES C. BARTON, assignee, *vs.* REYNOLDS T. WHITE & others.

Suffolk.   Nov. 19, 1886. — March 23, 1887.   HOLMES & GARDNER, JJ., absent.

Letters patent of the United States, owned by an insolvent debtor, pass to the assignee in insolvency of his estate by an assignment of the estate under the Pub. Sts. c. 157, § 46; and the assignee may maintain a bill in equity against the insolvent debtor to compel him to assign such letters patent.

It is within the constitutional power of the Legislature to enact a statute which has the effect to pass a title to letters patent of the United States.

BILL IN EQUITY, filed January 26, 1886, by the assignee in insolvency of the estate of Reynolds T. White, against said White, John J. McNutt, and Edward Hobbs, containing the following allegations :

On September 10, 1885, the plaintiff was duly appointed assignee of the estate of said Reynolds T. White, an insolvent debtor, and on the same day all the estate, real and personal, of said White, including all the property of which he was possessed, or which he was interested in or entitled to, on August 5, 1885, was assigned to the plaintiff, as assignee, by the judge of the Court of Insolvency.

Among the property of said White, on August 5, 1885, were certain letters patent of the United States.

All of said patents, before said September 10, were assigned to the defendant McNutt as collateral security for a loan, which loan the plaintiff is informed and believes has been paid, but said assignments to McNutt have never been recorded in the Patent Office as required by law.

The plaintiff is informed and believes that McNutt has assigned one of said letters patent to the defendant Hobbs, at the request of said White, but the same has never been delivered, and that said assignment by McNutt to Hobbs is wholly without consideration and void.

The plaintiff has demanded of White said letters patent, but White refuses to assign the same to him.

McNutt does not claim any interest in said letters patent, and is willing to assign the same to the plaintiff with the consent of White.

The prayer of the bill was, that it might be ascertained to whom said letters patent rightfully belonged on August 5, 1885, and what interest, legal or equitable, White had in said letters patent on said day ; and that if it were found that on said day said letters patent belonged to White, or if assigned by White to McNutt as security for a loan which has since been paid, or if held by Hobbs without consideration, said party or parties holding the legal title to said patents might be ordered to assign said letters patent to the plaintiff; and for an injunction.

The defendants demurred to the bill, for want of equity ; and it was agreed that the facts alleged in the bill were admitted for the purposes of this suit.

The case was heard upon the bill and demurrer, by *Holmes*, J., who, upon the filing of the above agreement, overruled the demurrer, and, at the request of the defendants, reported the case for the consideration of the full court ; such decree to be made as justice and equity might require.

*J. E. Maynadier*, for the defendants.

*C. H. Drew*, for the plaintiff.

C. ALLEN, J. We have no doubt that it was the intention of the Legislature, in enacting the statute relating to insolvent debtors, to include patents as property which should pass to the assignee by the assignment. This was so declared in *Carver* v. *Peck*, 131 Mass. 291, though the point was not essential to the

decision. There is nothing in the nature of a patent to prevent it from so passing. *Ager* v. *Murray*, 105 U. S. 126. But it has been considered that an assignee in insolvency does not acquire a title merely by force of the assignment, and without a conveyance by the debtor ; the reason given being that the statutes of the United States contemplate an instrument of transfer, signed by the owner of the patent, and recorded in the patent office. *Ashcroft* v. *Walworth*, Holmes, 152.

It is now contended, on the part of the defendants, that, since a patent cannot be attached or seized on execution, it is " by law exempt from attachment," within the meaning of the Pub. Sts. *c.* 157, § 44,. and therefore, by the express terms of the statute, does not pass to the assignee. But the words above quoted do not mean that all property which cannot be attached or seized on execution shall not pass by the assignment, but only such property as is by statute exempted from attachment. Section 46 of the statute provides that " the assignment shall vest in the assignee all the property of the debtor, real and personal, which he could have lawfully sold, assigned, or conveyed, or which might have been taken on execution upon a judgment against him." A patent clearly is property which the owner could have lawfully sold, assigned, or· conveyed, and thus falls within the terms of § 46, though it could not have been taken on execution upon a judgment against him. The policy of the insolvent act is to vest in the assignee all the property of the debtor, of every description, except such as is exempted by statute from attachment. It has never been considered that the fact that a debtor's property was of such a character that it could not be seized on execution excluded it from the operation of the insolvent laws. Such a construction, indeed, has not been contended for, so far as we know ; and cases assuming the contrary are numerous. *Bassett* v. *Parsons*, 140 Mass. 169. *Warren* v. *Warren Thread Co.* 134 Mass. 247. *Davis* v. *Newton*, 6 Met. 537, 543. *Smith* v. *Chandler*, 3 Gray, 392, 396. *Burnside* v. *Merrick*, 4 Met. 537. In *Stearns* v. *Harris*, 8 Allen, 597, it was said that " the words of the insolvent law, describing and enumerating the property and ˊrights of property which pass by the assignment, are large and comprehensive, and have always been liberally construed by the court, so as to include

every valuable right in property, real or personal, not clearly excepted, whether legal or equitable, absolute or conditional, which could have been enforced by the debtor in any kind of judicial process."

The defendants further contend, though without laying very much stress upon this ground of argument, that the State has not the power to enact a statute which has the effect to pass a title to letters patent of the United States; but we have no doubt upon this point.

Under § 74 of the insolvent act, it is the duty of an insolvent debtor to make and execute such deeds and writings, and do all such other lawful acts and things, as the assignee at any time reasonably requires, and as are necessary and useful for confirming the assignment; and the assignee is entitled to the aid of a court of equity in his endeavor to acquire the title to the patent in controversy, the facts alleged in the bill being admitted to be true.                               *Decree for the plaintiff.**

---

\* A like decision was made in the case of *Keach, petitioner,* 14 R. I. 571.