LOTHROP PUBLISHING COMPANY *vs.* LOTHROP, LEE AND
SHEPARD COMPANY & others.

Suffolk.    January 24, 25, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Assignment*, For benefit of creditors.    *Good Will.    Trade Name.    Corporation.
Sale.    Equity Pleading and Practice*, Bill.

An assignment for the benefit of creditors, made by a publishing corporation hav-
ing a valuable good will, transferring to a trustee all "the real and personal
property and estate and claims of every kind" belonging to the assignor
"excepting therefrom such property as is exempt by law from attachment or
from being taken on execution," conveys the good will of the assignor's pub-
lishing business including the right to use its trade name for the benefit of
creditors; and all the more so if the assignment contains a provision authorizing
the trustee to carry on in whole or in part the business theretofore conducted by
the assignor "the more effectually and to the better advantage to dispose of the
stock in trade and other assets" of the assignor; and the trustee can give to a
purchaser of the property used in the business and of the good will connected
with it a right to use the assignor's name as a designation of the publications
that previously have borne its imprint, and to advertise as the assignor's suc-
cessor in the business so purchased.

An exception from a general assignment for the benefit of creditors of "such
property as is exempt by law from attachment or from being taken on execu-
tion" refers only to property which expressly is exempted by statute, and does
not except the good will of the assignor's business or the right to use a trade
name.

*Semble*, that by the provisions of Rev. Sts. of Maine, 1903, c. 47, § 56, a corpora-
tion organized under that statute does not transfer its corporate franchise by a
general assignment for the benefit of creditors, and it may be that such is the
common law.

An unrestricted sale by the assignee of a publishing corporation under a general
assignment for the benefit of creditors of "plates, publishing rights, books in
process and books manufactured" includes the right to use the name of the cor-
poration not only in selling or manufacturing books in which the name appears
on the title page but also in using and making available the books in process of
manufacture and the plates for printing others.

On demurrer to a bill in equity general allegations in the bill that the defendant
acted wrongfully in doing certain things do not help the plaintiff if the other
averments of the bill show that the alleged acts were lawful.

KNOWLTON, C. J.    This bill is brought to restrain the first
named defendant, hereinafter called the defendant, a publish-
ing company, from using the plaintiff's name and imprint upon
books published by it, and to restrain the other defendants from

selling books containing the imprint of the plaintiff, or making any statement that they are published by the plaintiff, or by the first named defendant as the successor of the plaintiff. The case was reserved by a single justice upon the defendants' demurrers, with a stipulation that if the demurrers are sustained the bill is to be dismissed with costs.

It is averred in the bill that for many years the plaintiff had been engaged in an extensive business of publishing books and pamphlets, and that its name had become a trade name of great value in its business. It appears by the averments that on February 13, 1904, the plaintiff made an assignment of all its property, except such as was exempt from attachment, in trust for the benefit of its creditors. A copy of this assignment is annexed to the bill and made a part of it. The description of the property and rights conveyed is in part as follows: " All and singular the real and personal property and estate and claims of every kind and wheresoever situated, belonging to said party of the first part, including all claims, debts, demands and choses in action owing to it, whether now or hereafter payable, and all evidence thereof, always excepting therefrom such property as is exempt by law from attachment or from being taken on execution." The assignment gives the fullest possible power for the disposition of the assets for the benefit of creditors, and contains this provision: " Also, if said trustees shall deem expedient so to do, to carry on in whole or in part the business heretofore conducted by said party of the first part, with power to purchase from funds in their hands such goods and materials as they may deem necessary or proper, the more effectually and to the better advantage to dispose of the stock in trade and other assets of the party of the first part," etc. The good will of this extensive publishing business, especially in connection with the publication of particular books and the rights to publish, which the plaintiff owned, was an important part of the assets transferred to the assignees, and this good will passed by the conveyance. This would have been so if there had been no special provision authorizing the assignees to conduct the business themselves, in the execution of their trust, and it includes the right to trademarks and trade names used in the business. *Warren* v. *Warren Thread Co.* 134 Mass.

247. *Hoxie* v. *Chaney*, 143 Mass. 592. *Sohier* v. *Johnson*, 111 Mass. 238. *Wilmer* v. *Thomas*, 74 Md. 485. *Peck Brothers* v. *Peck Bros. Co.* 113 Fed. Rep. 291. *Cruttwell* v. *Lye*, 17 Ves. 335. *Townsend* v. *Jarman*, [1900] 2 Ch. 698. *Levy* v. *Walker*, 10 Ch. D. 436. *Bury* v. *Bedford*, 4 DeG., J. & S. 352. *Hudson* v. *Osborne*, 39 L. J. (N. S.) Ch. 79. The exception of property exempt by law from attachment and from being taken on execution refers only to that which is subject to express exemption by the statutes. *Barton* v. *White*, 144 Mass. 281. *Rhode Island National Bank* v. *Chase*, 16 R. I. 37. *Williams* v. *Smith*, 117 Wis. 142.

We are of opinion that the assignees under this conveyance could give to a purchaser of the property used in the business, and of the good will connected with it, a right to the use of the plaintiff's name as a designation of the publications that previously had borne its imprint, and to advertise as the plaintiff's successor in the business so purchased. *Russia Cement Co.* v. *LePage*, 147 Mass. 206. *LePage* v. *Russia Cement Co.* 51 Fed. Rep. 941. *Baker* v. *Baker*, 87 Fed. Rep. 209. *Garrett* v. *Garrett*, 78 Fed. Rep. 472. *Coats* v. *Coates Thread Co.* 135 Fed. Rep. 177. *Snyder Manuf. Co.* v. *Snyder*, 54 Ohio St. 86. *Frazer* v. *Frazer Lubricator Co.* 121 Ill. 147. *Myers* v. *Kalamazoo Buggy Co.* 54 Mich. 215, and cases above cited.

We adopt the plaintiff's view that the assignment did not transfer its franchise as a corporation. The statute of Maine under which the plaintiff was incorporated seems to support this contention. Rev. Sts. of Maine, 1903, c. 47, § 56. Very likely the law would be the same if there were no such statute. The plaintiff may have the same right to the use of its corporate name in a business to be established hereafter that an individual would have to use his own name after making such an assignment for the benefit of his creditors, but that will not include a right to use the name to the detriment of a particular business whose good will has been sold by the assignees.

Precisely what rights in the former business of the plaintiff have passed to the defendant does not appear from the averments of the bill. It is stated that the assignees sold assets of the plaintiff corporation " which consisted of plates, publishing rights, books in process and books manufactured," and that

these assets passed from the purchaser to the defendant. It is averred that these were not all of the plaintiff's assets, but there is nothing to show what portion of these was excepted. The fair inference from the statements of the bill is that the plaintiff has had none of this property and has done no business since the assignment, and there is nothing to show that any part of the property was disposed of to any one else than the purchaser through whom the defendant claims. A sale of plates, publishing rights, books in process and books manufactured, if made for the best interests of the creditors, would include the right to use the plaintiff's name, not only in selling or manufacturing books in which it appeared on the title page, but also in using and making available the books in process of manufacture and the plates for printing others. It was important to the purchaser of this property to show to the public that the books were those known in the market through the publishing house which had introduced them.

If there was any limitation upon the right of the purchaser to use the plaintiff's name it should have been averred in the bill. The general allegations that the defendant had no right to do that which it has done, and that it has acted wrongfully, cannot avail the plaintiff, when the only acts alleged are those which, upon the other averments of the bill, seem to have been within its legal rights.

*Bill dismissed with costs.*

*E. R. Anderson*, (*A. T. Smith* with him,) for the plaintiff.

*E. F. McClennen*, (*H. F. Lyman* with him,) for the defendants.