FINNEY'S ORCHESTRA *v.* FINNEY'S FAMOUS ORCHESTRA.

TRADE-MARKS AND TRADE-NAMES — FRAUD — EQUITY — UNFAIR COMPETITION.

Members of Finney's Orchestra who, after the founder's death, in accordance with his will, maintain the name and organization and continue to carry on business as a musical organization, have a right to the exclusive use of the name and will be protected by injunction against former members who organize a corporation under the name of Finney's Famous Orchestra, and represent themselves to be the original association; the attempt being unfair competition and a fraud on the public.

161 MICH.—19.

Appeal from Wayne; Donovan, J. Submitted February 16, 1910. (Docket No. 54.) Decided May 7, 1910.

Bill by Finney's Orchestra against Finney's Famous Orchestra, Fred S. Stone and others to enjoin the use of a trade-name. From a decree for complainant, defendants appeal. Affirmed.

*Stellwagen & MacKay,* for complainant.

*William Look* (*Duncan C. Beath,* of counsel), for defendants.

McALVAY, J. The parties to this controversy are Michigan corporations. The incorporators of complainant for many years before incorporation acted together in a voluntary association under the same name as incorporated, and claim that defendant, without any right, and intending to injure their corporation in its business, etc., wrongfully adopted the name of "Finney's Famous Orchestra," and have by falsely claiming to be the original Finney's Orchestra greatly injured complainant in its business. Complainant claims the sole right to use the name "Finney's Orchestra," and filed its bill of complaint against defendant, asking that it be perpetually enjoined from using the name "Finney's Orchestra" or the name "Finney" in any way, or representing itself to be the original "Finney's Orchestra." Defendant answered this bill of complaint by answer in the nature of a cross-bill, praying affirmative relief, and the benefit of a demurrer. Answers were filed to the cross-bill by complainant and by the 23 members of complainant organization. The record shows a motion on the part of cross-complainant to strike the answer of the members of the complainant corporation from the files. No disposition appears to have been made of this motion by any formal order. It does appear that it was "held pending the hearing of case." Replications were later filed by complainant and defendant. The issues joined were heard before the

Wayne circuit court, in chancery, and a decree granted to complainant. Defendant appeals. The main contention in the case is upon the facts presented.

We agree with the findings and conclusion of the trial judge. The evidence preponderates greatly in favor of complainant, the membership of which includes all but three of the entire number of a voluntary association, known since the year 1899 by the name under which they have now become a legal organization under the laws of this State. Theodore Finney during his lifetime organized and conducted an orchestra known as "Finney's Orchestra" in the year 1864. This he continued to manage and conduct until his death, April 17, 1899. By his will he gave his music and musical instruments to his friend, Frank Mosby, with the request "to keep up the organization of the Finney Orchestra during his natural life." Mosby proceeded at once to do this, with the assistance of his fellow associates. The old members, and such as were considered competent by them to be added from time to time, continued to act together with this common purpose under the name of Finney's Orchestra. Each year elections were held, and officers and a manager were elected. Mr. Mosby was elected for seven years as president. Fred S. Stone was elected manager, until the election held in January, 1908, when Mr. Shook was elected to that office by a large majority. Mr. Stone's resignation was accepted January 18, 1908. Two of his brothers also withdrew. During these years the record shows without dispute that this voluntary association existed and continued to do a successful business under the name and style of "Finney's Orchestra." Twenty-three remaining members, desiring to become a body corporate known as "Finney's Orchestra," under the law of this State, on January 25, 1908, made, executed, and filed articles of association in the office of the secretary of State, which, after being amended to conform with the statute, were finally recorded February 7, 1908. In the meantime ex-manager Stone and three brothers incorporated as "Finney's Famous

Orchestra," on January 27, 1908, and this organization, holding itself out as the "Original Finney's Orchestra," has caused the injuries complained of. It will be of no benefit to the profession to review this evidence. Suffice it to say, we find no single contention of defendant sustained. It may be fairly inferred from the record that the only reason for the organization of defendant association was to accomplish exactly what is charged in the bill of complaint. The name of this organization was the property of those who made it valuable, and its use by others "different from those who earned a reputation thereunder would be a fraud upon the public." *Messer* v. *Fadettes*, 168 Mass. 140–144 (46 N. E. 407, 37 L. R. A. 721, 60 Am. St. Rep. 371). Such trade-names are protected on the ground of unfair competition. Hopkins on Unfair Trade, §§ 52, 53; *Weinstock, Lubin & Co.* v. *Marks*, 109 Cal. 529–537 (42 Pac. 142, 30 L. R. A. 182, 50 Am. St. Rep. 57). In the last case cited the court said:

"Although there can be no property right in a trade-name which is not the subject of trade-mark, yet it is a fraud on a person who has established a trade and carried it on under a given name that some other person should assume the same name, or the same name with a slight alteration, in such a way as to induce persons to deal with him in the belief that they are dealing with one who has given a reputation to the name; and an injunction will issue to prevent such fraudulent infringement of the trade-name."

The decree of the circuit court is affirmed, with costs.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.