DETROIT SOCIETY FOR THE STUDY AND PREVENTION OF TUBERCULOSIS *v.* DETROIT SOCIETY FOR THE STUDY AND PREVENTION OF TUBERCULOSIS.

1. CORPORATIONS—PARTNERSHIP — CHARITABLE ORGANIZATIONS — VOLUNTARY ASSOCIATIONS.

    An attempt by a few of the members of a voluntary charitable association to incorporate under the same name without the consent of all the members is a nullity.

2. Same.

> Where the answer of such incorporated society asserted the contention that it was the successor of the voluntary organization, the contention in the appellate tribunal that it was an independent association, being inconsistent, could not be considered.

Appeal from Wayne; Hosmer, J. Submitted June 22, 1911. (Docket No. 26.) Decided October 2, 1911.

Bill by the Detroit Society for the Study and Prevention of Tuberculosis, an unincorporated association, against the Detroit Society for the Study and Prevention of Tuberculosis, a corporation, and others, to restrain the use of complainant's name and for other relief. From a decree for complainant, the said defendant corporation appeals. Affirmed.

*Lucking, Emmons & Helfman* (*Weadock, Carey & Armstrong*, of counsel), for complainant.

*Herbert V. Barbour*, for defendant society.

Moore, J. This unfortunate controversy grows out of differences which have arisen between persons who were all members of complainant society. These differences culminated about the time of the annual tag day, so called, upon which day about $14,000 was contributed by the Detroit public to the worthy object which had been represented by the parties to this litigation. The differences referred to resulted in the formation of defendant corporation, and the controversy is between the unincorporated voluntary society and the defendant corporation, which has taken the same name. The questions involved will sufficiently appear from the excerpts quoted later from the bill of complaint, the answer, and the decree of the court below.

The prayer of the bill of complaint is in substance:

That a temporary injunction be issued, restraining de-

fendants from disbursing or paying out said "tag day" funds, and from destroying and altering complainant's books, records, etc.; that complainant be decreed to be still in existence, as an unincorporated society, for the purposes for which it was organized, and that no other person or corporation is or has ever been its successor as to its duties, functions, moneys, books, or other property, and that its board of trustees consists of nine members, which number has never been lawfully changed or increased; that complainant be decreed to be the owner of all the "tag day," 1909, funds, and that defendant Austin E. Wing be required to account to complainant therefor; that complainant be decreed to be the owner and entitled to possession and control of all funds collected on "tag day," 1910, and that defendant Charles Moore be required to account to complainant therefor; that a permanent injunction be issued, restraining defendant Detroit Society for the Study and Prevention of Tuberculosis, a corporation, from interfering with complainant or its officers carrying on its work, and from using the name, "Detroit Society for the Study and Prevention of Tuberculosis," and then a prayer for general relief.

Among other things stated in the answer is the following:

"*Sixth.* Defendants admit that a vote was taken to incorporate the society, and that said articles of incorporation were signed, and that, on or about June 8, 1910, said articles were recorded in the office of the secretary of State, at Lansing, Mich. Defendants deny that there was any attempt made to amend the constitution, but simply a change in the form of existence of the voluntary association, which change was tacitly admitted to be imperative; that the members of said voluntary association had been duly notified and the meeting legally called, and that by unanimous vote of said meeting the articles of incorporation were duly and legally adopted; said members considering an unincorporated society, with a loosely organized finance committee, never legally created, to be an improper custodian of trust funds subscribed by the public. Defendants further show that it would be at any time impossible to bring all the membership of 450 together for any purpose whatsoever, and that the number present was larger than the number present at most of the meetings held by the society, which had fixed its quorum at

only ten.   Defendants deny that the Detroit Society for the Study and Prevention of Tuberculosis, a corporation, is not the legal and moral successor of the complainant herein."

After a full hearing of the parties, a decree was made in substance as follows:

(*a*) That complainant is a voluntary and unincorporated society organized in 1906, and that it has continued to exist as such until the present time.   That it is entitled to the name, "Detroit Society for the Study and Prevention of Tuberculosis," and that defendant Detroit Society for the Study and Prevention of Tuberculosis, a corporation, is not entitled to the said name, and is not the successor to the complainant, either as to its duties, name, functions, obligations, or as to its moneys, books, and other property.   That complainant's constitution and by-laws are the same as on May 17, 1910, and its status and existence and rights under its name remain unchanged and unmodified, and the same as on June 1, 1910.

(*b*) That complainant is entitled to the possession and control of all of its books, papers, records, funds, and other property in defendant's possession, and used by it prior to June 8, 1910, and to all funds collected on "tag day," 1910, and that defendants turn over forthwith said property to the complainant.

(*c*) That defendants Wing and Moore do account to complainant for all "tag day" funds in their possession, or under their control.

(*d*) That defendant Detroit Society for the Study and Prevention of Tuberculosis, a corporation, be enjoined from obstructing or interfering with complainant, and from the further use of the name, "Detroit Society for the Study and Prevention of Tuberculosis."

(*e*) That defendant Austin E. Wing turn over to complainant the sum of $1,368.81.

(*f*) That defendant Charles Moore turn over to complainant the sum of $11,711.41.

(*g*) That defendant Harriet R. McGraw turn over to complainant the sum of $195.

From this decree an appeal is taken to this court.

It is conceded that defendant Austin E. Wing has fully

complied with the terms of the decree, and defendant Charles Moore has partially complied therewith by paying over to appellee upwards of $8,700.

In the brief of the solicitor for the appellant appears the following:

"At the meeting of June 2d, at which a quorum was present and a majority at the meeting, it was determined that a corporation be organized for the purpose of carrying on the work that had previously been done by the voluntary society, and before 'tag day,' 1910, such a corporation was legally organized, consisting at least of the members who had voted to take such action, and open to all members of the old society. This corporation then became a distinct legal body, capable of receiving funds and carrying on the work formerly conducted by the old voluntary society. 'Tag day' followed, and certain funds were collected, which fund is now in the possession of the treasurer of the incorporation, except the amount that has been paid out by consent or by order of the court. Certain funds collected the previous year were in the possession of the old society, and since no vote was taken to turn this money over it is doubtful whether the new society will be entitled to this fund, provided certain members of the old society wish to administer it. It has never been the contention of counsel for the complainant that the voluntary society became absolutely merged in the subsequent incorporation, as that could not be without the affirmative action of all the members of the old society, and which, in our view, is really the only point decided by the case of *Mason* v. *Finch* which affects this controversy, and under this decision we admit that all members, perhaps, of the old society may be considered as having some interest in the funds contributed the previous year."

This is a new contention on the part of the counsel, and is not consistent with that part of the answer which we have quoted. It was there claimed that the defendant corporation had taken the place of complainant, and was its legal and moral successor. It would profit no one to recite the testimony which appears in the record. The law of the case is found in *Mason* v. *Finch*, 28 Mich. 282; *Schiller Commandery* v. *Jaennichen*, 116 Mich. 129 (74

N. W. 458); *Finney's Orchestra* v. *Finney's Famous Orchestra*, 161 Mich. 289 (126 N. W. 198, 28 L. R. A. [N. S.] 458).

The decree is affirmed.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.