## FEDERAL PRODUCTS CO. v. LEWIS.

Court of Appeals of District of Columbia.

Submitted November 17, 1927. Decided December 5, 1927.

No. 1969.

1. **Trade-marks and trade-names and unfair competition** ⊂⇒45—Registration of trade-mark is prima facie evidence of ownership.

Registration of trade-mark, on which opposition to subsequent registration of same mark is based, is prima facie evidence of ownership.

2. **Trade-marks and trade-names and unfair competition** ⊂⇒44—One basing opposition to trade-mark registration on registration before filing date of applicant taking no testimony established prior use.

One basing opposition to registration of trade-mark on registration of same mark under date prior to applicant's filing date, which was earliest date it could claim because of failure to take testimony, established prior use.

3. **Trade-marks and trade-names and unfair competition** ⊂⇒43—Trade-marks for cologne spirits and rubbing alcohol, and for toilet cream containing cologne and alcohol, held for goods of same description.

Registration applicant's trade-mark for cologne spirits and rubbing alcohol *held* used on goods of same descriptive properties as registered trade-mark for toilet cream containing cologne and alcohol.

4. **Trade-marks and trade-names and unfair competition** ⊂⇒44—One opposing registration of trade-mark must be guiltless of false representations in mark relied on or advertising goods.

Opposition to registration of trade-mark being in nature of proceeding in equity, opposer must be guiltless of any false representations, either in mark relied on as basis for opposition or in advertising of goods on which used, and opposition should be dismissed, if absolute honesty in either particular is lacking.

5. **Trade-marks and trade-names and unfair competition** ⊂⇒44—Opposition to registration of trade-mark "Velva," based on registration used solely in connection with label reading "Venetian Velva Cream," which was manufactured in New York, dismissed for deception.

One relying solely on registration of trade-mark "Velva," used solely in connection with label reading "Venetian Velva Cream," as basis for opposition to registration of same trade-mark for cologne spirits and rubbing alcohol, was guilty of deception, requiring dismissal of opposition; word "Venetian," commonly used in advertising cosmetics, conveying impression that goods, produced in New York, originated in Venice.

6. **Trade-marks and trade-names and unfair competition** ⊂⇒44—Manufacturer affixing signs or marks indicating that goods are manufacture of others deceives public, and cannot rely on registered trade-mark as basis for opposition to registration of same mark.

One affixing to goods of his own manufacture signs or marks indicating that they are manufacture of others deceives public, and attempts to pass goods on them as possessing quality and merit not possessed by those of his own manufacture, in estimation of purchasers, and cannot rely on registered trade-mark used in connection with such label as basis for opposition to registration of same mark for similar goods.

Appeal from the Commissioner of Patents.

Application by the Federal Products Company for registration of a trade-mark, opposed by Florence N. Lewis. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Reversed.

E. S. Rogers and A. E. Wallace, both of Chicago, Ill., for appellant.

H. J. Jacobi and W. J. Jacobi, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, Florence N. Lewis, opposes the registration by appellant, the Federal Products Company, of the word "Velva" as a trademark for cologne spirits and rubbing alcohol. The opposer claims damage by virtue of her prior use of "Velva" as a trade-mark for toilet cream containing cologne and alcohol. [1, 2] The opposition was sustained by both the Examiner of Interferences and the Commissioner of Patents. Neither party took testimony. The opposer bases her opposition upon the registration of the mark under date of November 2, 1920, which is prima facie evidence of ownership. Inasmuch as the applicant took no testimony, its filing date, August 9, 1924, is the earliest date it can claim. Opposer, therefore, has established prior use.

[3] The marks of the respective parties are the same, except for an immaterial difference in the style of lettering. If no other question were involved in the case, the decision of the Commissioner would have to be affirmed. We agree with the tribunals below that not only are the marks the same, but they are used on goods of the same descriptive properties.

Counsel for the applicant company has interposed an objection in his answer to the notice of opposition, which cannot be avoided. The opposer sets out as a basis of her opposition the label on which the mark is used, the printed feature of which reads as follows:

"Venetian

"Velva Cream

"Prepared especially for a
 sensitive skin and is an
 excellent skin food.

"Elizabeth Arden

"673 Fifth Avenue New York."

[4] It is urged by counsel for the applicant that, inasmuch as an opposition proceeding is in the nature of a proceeding in equity, the opposer, to establish her right to protection, must come into court with clean hands. In other words, one seeking to prevent the registration of a trade-mark must be guiltless of any false representations, either in the mark relied upon as a basis for opposition or in the advertising of the goods on which the mark is used, and, if it appears that absolute honesty in either of these particulars is lacking, the opposition should be dismissed.

[5] We think this principle is sound, and we will consider its application to the present case. The deception in the label consists in the misuse of the word "Venetian." It purports to convey to the public mind the impression that the goods on which the label is used originate in Venice, while the record discloses that they are in fact produced in New York. Considering the character of goods on which the mark is used, the word "Venetian," indicating their origin in Venice, is of great value to the opposer, while practicing a fraud upon the public. Notoriously it is a word in common use in advertising cosmetics, conveying the impression to the public that the goods are imported and of Venetian origin.

[6] Conduct of this sort is generally condemned by the courts, and is barred from standing in equity. "If one affix to goods of his own manufacture signs or marks which indicate that they are the manufacture of others, he is deceiving the public and attempting to pass upon them goods as possessing a quality and merit which another's skill has given to similar articles, and which his own manufacture does not possess in the estimation of purchasers." Manhattan Medicine Co. v. Wood, 108 U. S. 218, 223, 2 S. Ct. 436, 439 (27 L. Ed. 706).

In Worden v. California Fig Syrup Co., 187 U. S. 516, 528, 23 S. Ct. 161, 164 (47 L. Ed. 282), false representations of any sort that tend to mislead the public are condemned by the court as follows: "We find, however, more solidity in the contention, on behalf of the appellants, that, when the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not in his trade-mark, or in his advertisements and business, be himself guilty of any false or misleading representation; that, if the plaintiff makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court of equity; that where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct assertion which is false no property can be claimed on it, or, in other words, the right to the exclusive use of it cannot be maintained."

The principle here enunciated is sustained in Fetridge v. Wells, 13 How. Prac. (N. Y.) 385; Connell v. Reed, 128 Mass. 477, 35 Am. Rep. 397; Siegert v. Abbott, 61

Md. 276, 48 Am. Rep. 101; Alden v. Gross, 25 Mo. App. 123; Prince Manufacturing Co. v. Prince Metallic Paint, 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 129; Clotworthy v. Schepp (C. C.) 42 F. 62; Krauss v. Peebles' Sons Co. (C. C.) 58 F. 585. The following English decisions are cited with approval in the decision of the court in the Worden Case: Pidding v. How, 8 Simons, 477, Leather Cloth Company v. American Leather Cloth Company, 4 De Gex, J. & S. 137.

We are of opinion that, inasmuch as the opposer relies upon her trade-mark registration, the sole use of which, so far as the record discloses, is in connection with the label which contains the misstatement as to the origin of the goods on which the mark is used, opposer is not in position to invoke the benefit of the Trade-Mark Act to protect her business, when she could not be accorded protection in a court of equity. For this reason alone the opposition should have been dismissed.

The decision of the Commissioner is reversed.