KRYL, Appellant, vs. FRANK HOLTON & COMPANY, Respondent.

*March 4—April 2, 1935.*

For the appellant there were briefs by *Zimmers, Jaekels & Zimmers,* and oral argument by *Wilkie M. Zimmers* and *Eugene M. Haertle,* all of Milwaukee.

*Fred Kull* of Elkhorn, for the respondent.

FAIRCHILD, J. Fraudulent advertising is prohibited, and no person is permitted, for the purpose of selling merchandise directly or indirectly to the public, to induce the public to purchase by publishing in a newspaper, circular, pamphlet, or poster, an advertisement of anything so offered to the public containing any assertion, representation, or statement of fact which is untrue, deceptive, or misleading.

In sec. 343.413 (1),.Stats., the policy of preventing publication of deceptive advertising is fixed by the legislature. In addition to the statutory prohibition, there is a rule of law which has long been recognized that "no man has the right to sell his reputation or skill in any profession, whatever it may be, and thus enable an unknown party to perpetrate a fraud upon the public in his name." *Jerome v. Bigelow,* 66 Ill. 452; *Blakely v. Sousa,* 197 Pa. 305, 332, 47 Atl. 286; *Messer v. The Fadettes,* 168 Mass. 140, 46 N. E. 407. An agreement is illegal where its making or performance is expressly forbidden by statute, or its making or performance is made a crime, or where a penalty is imposed for doing the act agreed upon. Restatement, Contracts, § 580; Restatement, Contracts, Wis. Anno. § 580 (2). The appellant agreed to circulate misleading advertisements. He was to represent that he and his band used respondent's instruments exclusively. He sold the right to use his own and his band's name in connection with the sale and advertisement of band instruments manufactured by respondent for the purpose of creating in the public mind the belief that he and his band used those instruments because they were of a superior quality instead

of for the money consideration promised him. This resulted in stipulations that must be held to be illegal. We agree with the trial court that the only things of consequence undertaken to be performed by the appellant were calculated to deceive the public and were in violation of sec. 343.413 (1), Stats. The clear purpose of the agreement is manifested by those provisions relating to advertising, and they show an undisguised attempt to misinform the public for the purpose of increasing the sale of Holton instruments. As said in the case of *Lowe v. Crocker,* 154 Wis. 497, 143 N. W. 176: "If illegality permeates a contract so that it furnishes the reason for it and the foundation upon which it rests, then the whole contract is void and courts will leave parties where they find them." The agreement here involved is prohibited by law and no recovery may be had under it.

*By the Court.*—Judgment affirmed.