CHARLES J. ROYLE *vs.* WORCESTER BUICK COMPANY.

Worcester.    September 27, November 14, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Scope of authority. *Sale. Evidence*, Foreign law. *Practice, Civil*, Finding by judge, Exceptions.

After the hearing by a judge without a jury of an action of replevin, the judge made findings of fact and found for the plaintiff. The defendant filed a bill of exceptions which recited no evidence, stated the findings of the judge and alleged as an only exception that the finding for the plaintiff was not warranted on the facts found. *Held*, that

(1) The general finding for the plaintiff imported the drawing of all inferences in his favor of which the facts were susceptible;

(2) The findings of fact must stand because no evidence was reported.

The owner of an automobile registered in the State of New York, wishing to sell it, delivered it there to one who had said that "he thought he had a prospect of a party to whom he could sell the car," stated to him that he was at liberty to take the car and show it "to his prospect" and agreed that the price was a certain amount and that "anything over" that amount was to be divided equally between the owner and the agent. At the request of and upon a representation by the agent that, with the owner's New York registration certificate, he "could pass into New York City without being disturbed by the

police," the plaintiff turned over to him the certificate, which on its back bore a blank that by a New York statute was to be signed by the owner in case of a transfer of title. The statute also provided that delivery and acceptance of a transfer of the motor vehicle without such certificate so indorsed would be illegal and punishable as a misdemeanor. The plaintiff had not signed the blank. The agent traded the automobile as part of the purchase price of another car, signing the owner's name on the back of the registration certificate. After two further transfers, the automobile came into the hands of a corporation from whom the owner replevied it. *Held,* that

(1) The agent had no authority to trade the automobile;

(2) The mere possession of the automobile by the agent conferred no apparent authority to trade it;

(3) The delivery of the registration certificate by the plaintiff to the agent in the circumstances conferred upon the agent no authority to indorse the plaintiff's name thereon;

(4) The plaintiff remained the owner of the automobile and was entitled to maintain the action;

(5) *Whether* the attempted transfer of title of the automobile was illegal because contrary to the New York statute, the agent having no authority to sign the plaintiff's name by way of indorsement to the registration certificate, was not considered.

The law of a foreign State must be proved as a fact in an action in the courts of this Commonwealth: this court does not take judicial notice of it.

In the absence of evidence and a finding relating thereto, the common law of a sister State is presumed to be the same as that of this Commonwealth.

REPLEVIN to recover "One Buick Coupe automobile." Writ dated May 2, 1921.

In the Superior Court, the action was heard by *Sisk,* J., without a jury. Material facts found by him are described in the opinion. The judge found for the plaintiff. The defendant "claimed exceptions to the finding for the plaintiff upon the facts set out in findings of fact, but says that upon the findings of fact under the laws of this Commonwealth, and under the laws of New York, where the contract was made, the finding for the plaintiff was not warranted and the defendant claims exceptions to the finding for the plaintiff upon the facts set forth in findings of fact."

The defendant's bill of exceptions contained no recital of evidence upon which the findings of the judge were based.

*C. F. Campbell & J. C. Donnelly,* for the defendant.

*C. W. Proctor,* for the plaintiff.

RUGG, C.J. This is an action of replevin to recover an automobile, tried without a jury before a judge who made findings of facts. A brief summary of those findings is that the plaintiff bought the automobile in 1920 of one McCall, a dealer, of Groton

in the State of New York.  In the autumn of the same year having bought another, the plaintiff left the automobile here in question with McCall who introduced one Anderson to him and Anderson stated that "he thought he had a prospect of a party to whom he could sell the car."  The plaintiff replied that Anderson was at liberty to take the car and show it "to his prospect."  It was agreed that the price was $1,850 "anything over $1,850.00 to be divided equally between" the plaintiff and Anderson.  McCall turned the car over to Anderson to whom at his request and representation that with it he "could pass into New York City without being disturbed by the police" the plaintiff turned over his New York registration card of the automobile here in question.  On the back of this card or certificate was a blank to be used in the event of a sale of the automobile and to be signed by the owner.  Anderson did not sell the automobile but traded it on the footing of a value of $1,650 for another valued at $3,500 — paying the difference.  The plaintiff never signed the transfer blank on the back of his registration card but his name was signed by Anderson without authority.  After two transfers the automobile came into the possession of the defendant, from whom it was replevied in this action.

The statute law of the State of New York as to the sale and registration of a motor vehicle was found to be that upon the sale of a registered motor vehicle the vendor shall indorse upon the certificate of registration the name and address of the vendee and "shall sign such endorsement;" and that a delivery or acceptance of a transfer of a motor vehicle without delivery of such certificate so indorsed shall be illegal and punished as a misdemeanor.

The only exception taken was that on these facts the plaintiff was not entitled to recover under the laws of this Commonwealth or under the laws of New York.

The general finding made by the judge in favor of the plaintiff imports the drawing of all inferences in his favor of which the facts are susceptible.  The findings of fact must stand because no evidence is reported.

Anderson was at most a special agent with respect to the plaintiff's automobile.  He had only the limited authority to show it to "his prospect" and to state to him the price, which

was to be not less than a certain sum and which must be presumed to have been a cash price. There is nothing in the facts found which required the inference as matter of law that Anderson had authority to sell the car. He plainly had no authority to trade it for another car.

While a principal is bound by the authority apparently conferred upon his agent, the delivery of the automobile to Anderson for purpose of exhibition to one person gave him no implied authority to sell it. Mere possession of an automobile by a bailee such as Anderson was conferred no apparent authority to sell it. When he traded it he transferred no title. The plaintiff remained the owner. *Magee* v. *Scott*, 9 Cush. 148. *Thacher* v. *Moors*, 134 Mass. 156. *H. A. Prentice Co.* v. *Page*, 164 Mass. 276. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217. *Farmers & Mechanics' National Bank of Buffalo* v. *Atkinson*, 74 N. Y. 587. The facts fall far short of requiring a finding of estoppel against the true owner to assert title as in *Silver* v. *Roberts Garage, Inc.* 240 Mass. 571. Moreover the law of New York required the plaintiff in case of sale to indorse the registration certificate of the automobile. He cannot be presumed to have authorized a sale without such indorsement. The delivery of the registration certificate to Anderson under the circumstances here disclosed conferred upon him no authority from the plaintiff to make such indorsement.

Reference is made in the exceptions to the New York factors act, 5 Consol. Laws (2d ed.) c. 41, § 43. The defendant has based an argument on this act although it is doubtful if it is open upon the exceptions. That act has no relevancy to the facts here found. Anderson was not a factor. He was not an agent of the plaintiff entrusted with the possession of the automobile for the purposes of sale. The certificate of registration was not a bill of lading, custom-house permit or warehouseman's receipt within the meaning of that act.

The findings of fact contain no reference to the law of New York as to agency aside from the factors act. The law of a foreign State is a fact and must be proved by reference to authoritative decisions or otherwise like any other fact. The court does not take judicial notice of it. *Electric Welding Co. Ltd.* v. *Prince*, 200 Mass. 386. In the absence of evidence and

finding, the common law of a sister State is presumed to be the same as that of this Commonwealth. *Kelley* v. *Kelley,* 161 Mass. 111, 112. *Lemieux* v. *Boston & Maine Railroad,* 219 Mass. 399, 401. This judgment rests upon that principle.

Whether the attempted transfer of title of the automobile here in question by Anderson was illegal because contrary to the statute of New York, Anderson having no authority to sign the plaintiff's name by way of indorsement to the registration certificate, need not be considered.

No error of law is shown on this record.

*Exceptions overruled.*