## FRANCIS L. DENNO *vs.* STANDARD ACCEPTANCE CORPORATION.

Worcester.   September 21, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Sale,* Validity. *Sales Act. Mortgage,* Of personal property. *Estoppel.*

A dealer in automobiles for consideration gave a chattel mortgage of certain automobiles to a finance company. The mortgage was duly recorded. Thereafter, despite provisions of the mortgage prohibiting a sale of the automobiles by the dealer without the consent of the mortgagee, the dealer, to the knowledge of the mortgagee, exhibited certain of the automobiles for sale and made sales of certain of them without procuring express assent from the mortgagee. The mortgagee took no action other than to insist on immediate payment under the mortgage for the automobiles sold and to require that only a certain number should be used for demonstration purposes. Thereafter the dealer sold another of the automobiles, which had not been used for demonstration purposes and was not shown in the dealer's warerooms, to one who paid for it and who had no actual knowledge of the mortgage, although he knew in a general way that automobile dealers financed the automobiles on their premises by mortgage, lien or other security. In a suit in equity by the purchaser to enjoin the mortgagee from replevying the automobile and to have declared void the mortgage thereon, a final decree in the plaintiff's favor was entered. *Held,* that

(1) An inference was justified that the defendant expected sales to be made in which the buyer would be left in actual ignorance of any limitation on the authority of the seller to give a good and complete title;

(2) A conclusion was warranted that the defendant, within the meaning of G. L. c. 106, § 25 (1), had clothed the dealer with apparent authority to sell the automobile;

(3) The constructive notice to the plaintiff from the recording of the mortgage did not, as a matter of law, prevent that conclusion;

(4) The general knowledge of the plaintiff concerning automobile financing did not prevent a conclusion that he purchased in good faith;

(5) It was not essential that technical estoppel be made out to constitute conduct under G. L. c. 106, § 25 (1) which would preclude the defendant from denying the dealer's authority to sell;

(6) The fact that the automobile purchased by the plaintiff was not shown in the wareroom was immaterial;

(7) The decree was proper and was affirmed.

BILL IN EQUITY, filed in the Superior Court on July 24, 1930, described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Whiting*, J., there were entered an interlocutory decree confirming the master's report and the final decree described in the opinion. The defendant appealed from the final decree.

*G. H. Mason*, for the defendant.
*L. E. Stockwell*, for the plaintiff.

WAIT, J. The defendant appeals from a decree of the Superior Court restraining it from proceeding to replevy an automobile, and declaring a duly recorded mortgage thereon to be null, void and of no effect against the plaintiff or his assigns. The case was referred to a master. The evidence is not reported. No exceptions to the report were filed. The report has been confirmed. The findings of fact must be taken as true, unless inconsistent or repugnant to one another. *Tripp* v. *National Shawmut Bank of Boston*, 263 Mass. 505, 511. Material findings follow. In April, 1930, the defendant undertook to finance The Maykel Automobile Company, then in difficulty. On May 16, The Maykel Automobile Company for valuable consideration mortgaged automobiles then in its possession to the defendant. This mortgage was duly recorded on May 19. It provided that the "Mortgagor shall not except with the consent in writing of the said Mortgagee, sell or attempt to sell, remove or attempt to remove from the place of storage designated herein, the said goods or chattels or any part thereof." Further it provided that any waiver of default, of a breach, or of any terms of the mortgage should not be valid unless in writing signed by the mortgagee, and should not be construed a waiver of any subsequent default or breach, or of that or any other term of the mortgage. On default the defendant became entitled to immediate possession of the automobiles mortgaged. No written consent was given to The Maykel Automobile Company to sell mortgaged automobiles before the date of payment of the amounts due under the mortgage. The Maykel Automobile Company

exhibited mortgaged cars for sale in its public warerooms and in other places. This was known to the defendant. It was the custom of The Maykel Automobile Company to sell and deliver a mortgaged car before the mortgage was paid and to remit to the defendant a portion of the purchase price within a few days after the delivery. In the case of thirty-one cars mortgaged to the defendant, thirty were sold and delivered by The Maykel Automobile Company before payment to the defendant of the sum due on the mortgage. One car only was freed from the mortgage before its sale. In five cases payment was made on the day of the sale. In the remainder from one day to ten days intervened between sale and payment. The Maykel Automobile Company never informed the defendant of the exact date of sale of any mortgaged automobile. The defendant frequently checked the automobiles mortgaged to determine whether they were still on The Maykel Automobile Company's premises and unsold prior to payment. On May 29 the checker discovered that four cars subject to the mortgage had been sold without prior payment on the mortgage. The defendant, thereupon, insisted on immediate payment of the four amounts due, and required an agreement that only five specified cars should be used for demonstration purposes. It took no other action. On June 10 the plaintiff purchased the automobile here in question from The Maykel Automobile Company, paid for it, and received delivery. That automobile had never been exhibited by the company in the wareroom or elsewhere. The plaintiff bought from the samples on exhibition. He knew in a general way that automobile dealers financed the automobiles on their premises by mortgage, lien or other security. He had no knowledge that the automobile delivered to him was mortgaged. The Maykel Automobile Company concealed this sale from the defendant and, on June 13, falsely reported that the automobile was at Clinton. No payment was made on the mortgage, there was default, $438 was due. The defendant threatened to replevy. The master further found that the defendant authorized, either expressly or by implication, The Maykel Automobile Company to expose

the mortgaged automobiles for sale before payment of the mortgage; and, by virtue of its knowledge that they were publicly displayed for sale and were demonstrated to prospective customers by The Maykel Automobile Company, clothed that company with apparent authority to sell the automobiles covered by its mortgages.

The defendant contends that the last two findings are not warranted, that permission to expose mortgaged property for sale or to demonstrate it to prospective customers "should not work an estoppel in the case of a duly recorded chattel mortgage," and that the elements of estoppel and of a waiver are lacking here.

The essential question is whether a decision that the plaintiff has the better title where at the time of his purchase of the automobile he was affected with notice of the mortgage by its record in compliance with the statute is justified by the report. The plaintiff does not stand as a purchaser from one in possession, paying value in good faith and without knowledge of a previous sale, within the terms of G. L. c. 106, § 27, which provides that "If a person having sold goods continues in possession thereof . . . the delivery or transfer by such person . . . of the goods . . . under any sale, pledge, or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same." The provision of the sales act applicable to him is § 25 (1): "If goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." It is essential to his full ownership of the automobile purchased by him on June 10, 1930, that it appear that the seller was acting under the authority of the owner or that the owner has by his conduct precluded himself from denying the seller's authority — either or both. The law has long been

settled that a third person may show that a mortgagor's agreement set out in a mortgage that he will not sell except with the written consent of the mortgagee never was binding, or has been waived or modified by the parties to the mortgage expressly or by implication. That is the effect of the cases cited by the trial judge in his indorsement ordering the decree, *Shearer* v. *Babson,* 1 Allen, 486, *Stafford* v. *Whitcomb,* 8 Allen, 518, and *Pratt* v. *Maynard,* 116 Mass. 388. For later statements of the law see *Spooner* v. *Cummings,* 151 Mass. 313; *Guaranty Security Corp.* v. *Eastern Steamship Co.* 241 Mass. 120; *Tripp* v. *National Shawmut Bank of Boston,* 263 Mass. 505; *Simons* v. *Northeastern Finance Corp.* 271 Mass. 285. Although it was held in *Oliver Ditson Co.* v. *Bates,* 181 Mass. 455, that a lessor of a piano was not shown to have assented to or authorized a sale by the lessee because he knew that the lessee was a dealer in pianos and maintained a salesroom where he would exhibit it, and in *Royle* v. *Worcester Buick Co.* 243 Mass. 143, that permitting one to take an automobile and exhibit it to a "prospect" did not require an inference of authority to sell, neither case is controlling here, where it is found that the defendant knew that The Maykel Automobile Company exposed the mortgaged automobiles for sale, and in four cases, at least, had sold such automobiles without regard to the terms of the mortgage, and where, too, an inference is justified that sales were expected to be made in which the buyer would be left in actual ignorance of any limitation on the authority of the seller to give a good and complete title. In the known course of the automobile business, we think a finding that permitting general dealers to exhibit and demonstrate machines gave them apparent authority to make sales, cannot be found erroneous in law. In our opinion the implied notice arising from recording a mortgage is not enough as matter of law to offset the inference of authority to sell arising from the circumstances here found. Nor is the general knowledge of automobile finance possessed by the plaintiff enough, as matter of law, to destroy his good faith in buying as he did.

It is not essential that technical estoppel be made out to

constitute conduct under G. L. c. 106, § 25 (1), which precludes the owner from denying a seller's authority to sell. *Simons* v. *Northeastern Finance Corp.* 271 Mass. 285, 291. The findings are not erroneous in law. The defendant is found knowingly to have put The Maykel Automobile Company in a position to mislead the plaintiff with reason to expect purchasers to be misled. Its equities are less than those of the plaintiff. The fact that the specific automobile purchased by the plaintiff was not shown in the wareroom is immaterial. No decision of this court dealing with sales of automobiles subject to a recorded mortgage is called to our attention. The result is within the principles laid down in the cases already cited. A similar result was reached in *Boice* v. *Finance & Guaranty Corp.* 127 Va. 563. *Lynn Morris Plan Co.* v. *Gordon,* 251 Mass. 323,. is not in point.

*Decree affirmed.*