LUCIEN D. CARDINAL *vs.* JAMES TAYLOR.

Bristol.    October 24, 1938. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Trade Name.    Unlawful Interference.    Sale, Validity, Of trade name. Bona Fide Purchaser.*

A *bona fide* purchaser by transfer of a business of a carrier of goods and also of what purported to be a right to use a trade name of another carrier which the transferor had a right to use only so long as he was that carrier's "connecting agent," which he had ceased to be, acquired no right to use such trade name in competition with its owner.

BILL IN EQUITY, filed in the Superior Court on April 27, 1937.

After the filing of a master's report, the suit was heard by *Sheehan,* J., and in accordance with his orders there were entered an interlocutory decree confirming the master's report and a final decree enjoining the defendant "from using the name 'Fall River and New Bedford Express' in connection with his business, and from continuing the listing which he has under that name in the Boston telephone directory," and "from doing business in Fall River and New Bedford under" that name. The defendant appealed.

The case was submitted on briefs.

*H. E. Clarkin & J. T. Farrell,* for the defendant.

*I. S. Levin,* for the plaintiff.

QUA, J. This is a bill to restrain the defendant from using the name "Fall River and New Bedford Express" in connection with a business carried on by him.

Facts found by the master, in so far as it is necessary to state them in order to show the grounds of this decision,

are these: In October, 1930, the plaintiff owned and carried on an express business between Boston and Fall River, with connections to New Bedford, the Boston terminal being at 153 Albany Street. The name "Fall River and New Bedford Express Company" under which the business was conducted had acquired a secondary meaning among shippers in Boston indicating the business carried on by the plaintiff (see *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100). In December, 1930, the plaintiff found it necessary to secure someone else to handle the Boston end of the business and made an arrangement under which one Driscoll acted as the plaintiff's "connecting agent" in Boston. Driscoll was an independent operator conducting his own business with his own equipment at 153 Albany Street, while the plaintiff carried the goods to Fall River for distribution. The plaintiff, having then no longer occasion to use directly himself the name "Fall River and New Bedford Express" in Boston, lent the use of that name to Driscoll. The business thereby secured was profitable to the plaintiff as the carrier between Boston and Fall River. The plaintiff intended to allow Driscoll to use the name as long as Driscoll should be his "connecting agent" in Boston, but did not intend to grant the use of it to any person who was not his "connecting agent" in Boston, as he still used the name himself in his business as a carrier between Boston and Fall River and in Fall River. Driscoll knew that he was allowed to use the name because he was the plaintiff's "connecting agent" in Boston and knew or should have known that permission to use it would be terminated if and when he ceased to be the plaintiff's "connecting agent." Driscoll used this name in the telephone book and on a card or cards in his window. He also used for more general purposes the name "Fall River and New Bedford Despatch." In 1932 Driscoll moved his business to 85 Albany Street where he continued to use both names. Late in 1934 or early in 1935 the plaintiff severed his relations with Driscoll and reëstablished his own connecting business in Boston under the name "Fall River and New Bedford Express Company" at "the old stand" at

153 Albany Street. This move left Driscoll without a "connecting agent" in Fall River, and shortly afterwards he sold his business to the defendant, purporting to transfer to the defendant both trade names under which he had been operating, including the name claimed by the plaintiff. The defendant already had a trucking business in Boston and Fall River under still another name. The defendant "has the standing of a *bona fide* purchaser." The defendant continued to carry a listing in the Boston telephone directory as "Fall River and New Bedford Express." The plaintiff, upon resuming business at 153 Albany Street, again obtained a telephone listing under the old name "Fall River and New Bedford Express Company." The two names are so similar that the defendant's listing appears in the telephone directory immediately above that of the plaintiff and has caused confusion, diversion of business and loss to the plaintiff. A "large majority of the trade in Boston interested in this service" associate the name "Fall River and New Bedford Express Company" with the plaintiff's business.

The fact that the defendant does not use the word "Company," as does the plaintiff, is found by the master to be without significance, and we think the case should be dealt with as if the two forms were identical.

The judge rightly confirmed the master's report and entered a final decree in favor of the plaintiff. A trade name, like a trade mark, may be assigned, as long as it remains associated with the same product or business with which it has become associated in the public mind. *Hoxie* v. *Chaney,* 143 Mass. 592. *Chadwick* v. *Covell,* 151 Mass. 190. *Messer* v. *The Fadettes,* 168 Mass. 140. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co.* 191 Mass. 353. *Canadian Club Beverage Co.* v. *Canadian Club Corp.* 268 Mass. 561. And upon the same condition it may be licensed or lent, and its exclusive use may be resumed by its owner according to the terms of the lending. *Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 81, 87, 88. *Stogop Realty Co. Inc.* v. *Marie Antoinette Hotel Co.* 217 App. Div. (N. Y.) 555. *Morand Bros. Inc.* v. *Chippewa Springs Corp.*

2 Fed. (2d) 237. *J. F. Rowley Co.* v. *Rowley*, 18 Fed. (2d) 700. See *Marsh* v. *Billings*, 7 Cush. 322.

When Driscoll took over that part of the plaintiff's business which consisted in operating the Boston terminal he was to that extent the plaintiff's successor, and he continued to operate in direct connection with the freight line between Boston and Fall River which the plaintiff still operated under the original name. This remained true after the removal from 153 Albany Street to 85 Albany Street. But when Driscoll sold out to the defendant the connection was broken, and it becomes at least doubtful whether it would not have been a deception upon the public to allow Driscoll to transfer the name for use in connection with a business which had never before used it and which was in direct competition with a business that had always used it. At any rate the business reëstablished by the plaintiff at 153 Albany Street was so far a resumption of that which he had originally carried on there and so intimately connected with the business which the public knew as the "Fall River and New Bedford Express Company" that no obstacle exists to the resumption by the plaintiff of the rights reserved under his arrangement with Driscoll.

The fact that the defendant is an innocent purchaser for value does not save him. The defendant as a purchaser from Driscoll could acquire no greater title than Driscoll had. Driscoll's right to use the name had terminated. The defendant is in the same position as the purchaser of a chattel from a bailee who had no power to sell it. G. L. (Ter. Ed.) c. 106, § 25. *Oliver Ditson Co.* v. *Bates*, 181 Mass. 455. *Royle* v. *Worcester Buick Co.* 243 Mass. 143. *Lynn Morris Plan Co.* v. *Gordon*, 251 Mass. 323. *Essex County Acceptance Corp.* v. *Pierce-Arrow Sales Co. of Boston*, 288 Mass. 270, 276. Driscoll had no apparent authority to dispose of the plaintiff's trade name. He was not held out as the plaintiff's agent for such a purpose. The case is, therefore, distinguishable from *Simons* v. *Northeastern Finance Corp.* 271 Mass. 285, 290, and *Denno* v. *Standard Acceptance Corp.* 277 Mass. 251.

We see no inconsistency in the findings of the master, and the final decree is within the scope of the bill.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*