Estes, J.
In this action of replevin the plaintiff seeks to recover an automobile repossessed from him by the defendant under the alleged authority of a conditional sales contract assigned to it from the Henley-Kimball Company, an automobile distributor. The Henley-Kimball Company sold the vehicle to the Howland-Ricketson Motor Company, a dealer, which in turn sold it to the plaintiff. Howland-Ricketson purchased from Henley-Kimball under a conditional sales contract, which was assigned to the defendant. The plaintiff purchased from Howland-Ricketson under a conditional sales contract, which was assigned to the Robbins Finance Company. When the defendant repossessed the vehicle the plaintiff had paid all but one of the instalments due on his contract. He paid this after the writ in this suit was issued.
When the plaintiff bought the automobile it was in the garage of Howland-Ricketson.
*296 The defendant filed requests that, (1 & 2) the defendant had title, (3) Howland-Rickets on was not authorized by the defendant to act for it in the sale of the automobile; and (4) Howland-Ricketson had no authority to sell the automobile until the defendant was paid or it obtained a release from the defendant.
The court denied the requests and found that the plaintiff acted in good faith without knowledge of the defendant’s interests or claim, and that Howland-Ricketson had apparent and ostensible authority to sell the automobile, and ruled that the defendant was bound thereby, and is estopped from setting up its prior title to the automobile as against the plaintiif.
We think no harmful or reversible error appears. The first and second requests are based only on a part of the evidence and were correctly denied. Shattuck vs. Eldridge, 173 Mass. 165-168. On the facts found the third and fourth requests were likewise rightly denied.
The very learned discussion of this class of cases by the late Chief Justice Rugg thoroughly and exhaustively covers the reasons why the findings and rulings in the case at bar are correct. Handy vs. C. I. T. Corpn., 291 Mass. 157.
Whether the reasons rest on implied authority or undisclosed agency an estoppel is created in the cases which have shown that the innocent purchaser “has been mislead to his injury by the defendant’s conduct.” Simons vs. Northeastern Finance Corp., 271 Mass. 285-291. See also Denno vs. Standard Acceptance Corpn., 277 Mass. 251.
These cases seem to us to be decisive of the facts found in the instance case. The cases cited by the defendant are clearly distinguishable". See Marsh vs. S. M. S. Co., 289 Mass, 302-307.
Report dismissed.