Estes, P. J.
This is an action of Replevin begun January 23, 1942, alleging the unlawful taking and detention of an automobile on January 21, 1942. The answer is general denial and payment.
From the undisputed evidence, it appears that the plaintiff finances the purchase of automobiles from retail dealers. One Arthur Buckman, doing business as Buck’s Garage, was such a dealer. The defendants were in the buisiness of buying, selling and repairing used automobiles. Buckman for sometime had done business with both the plaintiff and the defendants. The defendants knew the na *52 turc of the plaintiff’s business, and that Buckman had dealings with it.
The defendants, about December 31, 1941, delivered five vehicles to Buckman, knowing that he was buying them to resell. He took them to his place of business. One of them was the car which is the subject of this action. He gave the defendants a check in the sum of $390.00. They gave him a bill of sale for the car in suit, with a notation thereon: “Bill of sale not final until check is cleared”. They also took from Buckman, as additional security, a conditional sales contract, dated December 31, 1941, on all five cars, which provided for payment in two days. On January 2, 1942, the defendants found that Buckman’s check would not be honored by the bank on which it was drawn.
One Carfagua saw automobiles on display at Buckman’s garage, and bought the one in suit on December 31, 1941. He gave Buckman a note and conditional sales contract in part payment. On January 2, 1942, the plaintiff bought this note and contract from Buckman in the usual course of its business, after it had investigated the credit risk of Carfagua.
On or about January 17, 1942, Carfagua, after conference with the defendants’ attorney, gave possession of the car to the defendants. On January 17, 1942, the plaintiff made demand on the defendants for the car and was refused. The first installment on the note was due from Carfagua January 30, 1942, but his contract with the plaintiff provided that he should not place the car in the possession of any other person.
The trial court found for the defendant, ordered “return of the goods irrepleviable,” and filed written findings as follows:-
“I find as a fact that Buckman knew when he undertook to buy the car that no title was to pass ’till paid for. The *53 bill of sale he received expressly stated that ‘bill of sale not final until check cleared. ’ Buckman knew that he did not have sufficient funds to meet the check. I find Buckman obtained possession of car by fraud. The defendants knew Buckman dealt in second hand cars, but never gave him any authority to sell the car until it had been paid for. I find the defendants were the owners of the car.”
These findings were, apparently, based on testimony of the defendants concerning the $390.00 check given them by Buckman, and not honored.
The plaintiff put in evidence a check dated January 2, 1942, in the sum of $1290.00, it gave to Buckman for the purchase of the Carfagua papers, and those of two other purchasers. Notations on the margin of the check showed the purpose for which the check was given. The testimony for the defendant showed that in the evening of January 2, 1942, they cashed the check for Buckman, in fact their endorsement appears thereon, and under theirs the endorsement of the Home National Bank, dated January 3, 1942.
The plaintiff filed twelve requests for rulings. All, excepting the second and sixth were denied. The ninth, tenth and eleventh with the notation “see finding.”
The court, in the written findings, and in disposing of the plaintiff’s requests, and the defendants, in their brief, ignore the question of estoppel raised in cases of this class. They have treated the matter only on the basis of the rights between the defendants and Buckman, excepting that the court finds as a fact that, since Buckman knew he had insufficient funds to meet his check, he obtained the vehicle by fraud, and has found that the result is the same as if Buckman had obtained possession without the consent of the defendants. The undisputed facts, however, are that Buckman had the consent of the defendants to take the vehicle, and they knew what he intended to do with it. As early as January 2, 1942, they had notice of sales of cars, *54 one of them to Carfagua. General Laws Chapter 106, Section 20, is of no help to the defendants under the circumstances shown here. Nor is Chapter 266, Section 37, cited in the oral argument.
In their brief, the defendants state that “it was agreed between the defendants and Buckman that Buckman should have possession of the automobile”. The contention, apparently is, and the finding holds, that because title had not passed to Buckman and that Buckman had no actual authority to sell, the defendants cannot be estopped from setting up their title against a bona fide purchaser.
It has for sometime been held, and seems to be settled law in this Commonwealth, that “it is not essential that technical estoppel be made out to constitute conduct under General Laws Chapter 106, Sec. 25 (1), which precludes the owner from denying a seller’s authority to sell. Denno vs. Standard Acceptance Corp’n., 277 Mass., 251 at 255 and 256, citing Simons vs. Northeastern Finance Corp’n., 271 Mass. 285, 291. In the Denno case the instrument was a recorded mortgage. This rule rests on the sound principle that one who knowingly puts a purchaser “in a position to be mislead, with reason to expect purchasers to be mislead”, has equities less than those of the purchaser. Denno vs. Standard Acceptance Corp’n., Supra. See also Handy vs. C. I. T. Corp’n., 291 Mass. 159, 163.
This implied estoppel rests very largely on the theory of agency either actual, or apparent and ostensible, from the circumstances. We think the undisputed facts of this case and the findings of the court impelled a finding that the equities of Carfagua, and hence his title, are superior to those of the defendants. The requests of the plaintiff, if not entirely individually, taken as a whole they sufficiently raised the question of the estoppel.
*55 No question appears to be raised by the pleadings, or in argument, that the plaintiff does not stand in the same position as Carfagua, and as stated by Justice Carroll in Simons vs. Northeastern Finance Corp’n., supra, “it is our opinion that by the circumstances shown here” (and the findings of the court) “the (defendants are) estopped to rely upon title in themselves against the plaintiff: (it) has been mislead to (its) injury by the defendant’s conduct; the defendants virtually gave (Buckman) power to mislead the plaintiff to (its) injury, and the defendants had reasonable cause to know that such consequence would follow”. See Associates Discount Corp. vs. C. E. Fay Co., 307 Mass. 577, and cases cited.
We hold the court was in error in denying the plaintiff’s first, fourth, fifth, seventh, eighth, ninth, tenth and eleventh requests. On the findings of facts made by the court, we reverse the finding for the defendants and order finding for the plaintiff, and remand the case to the trial court for assessment of plaintiff’s damages, if any.
So ordered.