ROSE MCGEEVER *vs.* AMERICAN NATIONAL RED CROSS, BEVERLY CHAPTER.

Essex.    April 7, 1953. — May 27, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Personal Property*, Transfer of title. *Sale*, What constitutes. *Estoppel.*

On evidence that, in dealings in the State of New York between an agent of the owner of an automobile and one whom the agent understood to be a representative of an automobile dealer, the agent agreed to sell the automobile to the dealer, delivered it to the purported representative with its keys and certain papers, and received from the purported representative a check for the purchase price which appeared to be the dealer's check signed by the purported representative but which was not paid because the purported representative in fact was not employed by and had no authority to sign checks for the dealer, findings under the law of New York were warranted that the owner's agent did not intend to sell the automobile to the purported representative and therefore that title did not pass to him. [242]

Evidence that one, purporting to be but in fact not the representative of a prospective purchaser of an automobile from the plaintiff, its owner, obtained possession of the automobile with its keys and its certificate of registration indorsed for transfer by the plaintiff in blank, but did not obtain the title to the automobile, that subsequently a dealer in possession of the automobile sold it to the defendant, and that the name of the purported representative had been filled in as transferee

in the certificate of registration and he had given a bill of sale of the automobile to the dealer, without evidence that the defendant knew of the certificate or of the bill of sale before purchasing the automobile from the dealer, did not show as matter of law that conduct of the plaintiff precluded her as against the defendant from denying the authority of the purported representative to sell the automobile. [243]

REPLEVIN. Writ in the First District Court of Essex dated April 8, 1949.

Upon removal to the Superior Court the action was tried before *Nagle*, J.

*Franklin N. Flaschner*, (*John S. Whipple* with him,) for the plaintiff.

*Charles W. O'Brien*, (*Thomas F. Fitzgibbon* with him,) for the defendant.

WILLIAMS, J. This is an action of replevin to recover possession of an automobile. The case comes here on the plaintiff's exceptions, one of which is to the direction of a verdict for the defendant after the conclusion of the evidence.

There was evidence that on August 30, 1948, the plaintiff owned an automobile described as a 1948 Mercury station wagon, motor Number 899A 2235685. On that day she authorized her husband, James T. McGeever, to sell the automobile for her at an auction which was to be held within the State of New York a few miles from Albany. The rules of the auction provided that anyone could offer automobiles for sale but that only "registered dealers could buy them." McGeever offered the automobile for sale but no bids were received as high as $2,200, the refusal price which he had set. The automobile was taken from the auction. Thereafter a man approached McGeever, represented that he was L. O. Gilbreath, and asked McGeever "if he wanted to sell the car." From the conversation which followed McGeever "understood he was a northern buyer for Bill Chancey Motor Sales of Birmingham, Alabama," and agreed "to sell this car to the Bill Chancey Motor Sales for $2,200." The man, to whom we shall refer as Gilbreath, produced a check on the face of which was

printed "Birmingham, Ala.," at the top, "The First National Bank of Birmingham" in the place for the name of the drawee, "Bill Chancey Motors by" in the place for the name of the drawer, and "Bill Chancey Motors Used Cars Bought & Sold 1900 5th Avenue, South," across the left end. Under Gilbreath's instructions the auctioneer's secretary filled in the check with McGeever's name as payee and the amount of $2,200. She wrote on the back at the end usually used for indorsements "1948 Mercury sta. wagon mot # 899A 2235685." Gilbreath signed "L. O. Gilbreath" under the printed words "Bill Chancey Motors by," and the check was taken by McGeever. After looking at it he inquired concerning the financial responsibility of Bill Chancey Motor Sales from the owner of the auction. McGeever delivered the automobile to Gilbreath with a bill of sale, the keys to the automobile, and the plaintiff's certificate of registration which that morning she had indorsed in blank under the words "statement of transfer." The name of the transferee was not written in. McGeever did not remember to whom the bill of sale was made out. The check was deposited and on September 7 was returned "unpaid". The owner of Bill Chancey Motor Sales knew L. O. Gilbreath but he was not employed by that organization at the time of the sale and had no authority to sign its checks. The automobile was traced to the possession of the defendant which had purchased it on September 24, 1948, from Beaconsfield Motors, Brookline. The certificate of registration which had been signed in blank by the plaintiff was produced in evidence and showed the words "L. O. Gilbreath Motors Gadsden, Alabama," typed in the space reserved for the name of the transferee.

The question for decision is whether the judge should have submitted the case to the jury. The defendant contends that as matter of law the plaintiff has no present title to the automobile and that if she has title she is precluded by New York Personal Property Law, § 104, from prevailing in her action. A plaintiff in replevin must main-

tain his case on the strength of his own title or claim.
*Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 284.
*Sheehan & Egan, Inc.* v. *American Railway Express Co.*
274 Mass. 331. *Marsh* v. *S. M. S. Co.* 289 Mass. 302. It
is not disputed that the plaintiff owned the automobile at
the time her agent McGeever delivered it with a transfer
of the certificate of registration to Gilbreath. As that
transaction was completed in New York it was governed by
the law of that State. *Shohfi* v. *Rice*, 241 Mass. 211, 213–
214. In the leading case of *Phelps* v. *McQuade*, 220 N. Y.
232, 234, 236, it is stated: "Where the vendor of personal
property intends to sell his goods to the person with whom
he deals, then title passes, even though he be deceived as to
that person's identity or responsibility. Otherwise it does
not. It is purely a question of the vendor's intention."
When the possession of goods is obtained by a false repre-
sentation of agency "There is no intention on the part of
the vendor to sell to the pretended agent or representative
and no title passes." See also *M. Brotchiner & Sons, Inc.*
v. *M. Ullman, Inc.* 252 N. Y. Sup. 244, 246; *Wyckoff* v.
*Vicary*, 75 Hun, 409. From these cases it appears that the
effect of McGeever's acts upon the plaintiff's title depended
upon his intention as to its transfer. This was a fact to be
determined by the jury. They could find from the evidence
that he did not intend to sell the automobile to Gilbreath
but intended to sell to Bill Chancey Motor Sales which he
believed Gilbreath was representing and that he only en-
trusted Gilbreath with the automobile for transmission to
his alleged principal. See *M. Brotchiner & Sons, Inc.* v.
*M. Ullman, Inc.*, *supra*. If they so found title passed neither
to Gilbreath nor to Bill Chancey Motor Sales. There was
no contract of sale entered into with the latter as its pur-
ported agent had no authority to represent it. See *Rodliff*
v. *Dallinger*, 141 Mass. 1, 6. The issue as to the transfer of
title should have been submitted to the jury.

New York Personal Property Law, § 104, provides that
"where goods are sold by a person who is not the owner
thereof, and who does not sell them under the authority or

with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." The statute is substantially the same as G. L. (Ter. Ed.) c. 106, § 25, and refers to conduct by the owner of goods which results in something akin to an estoppel. Williston on Sales (Rev. ed.) § 311. See *Denno* v. *Standard Acceptance Corp.* 277 Mass. 251, 255–256. It is urged that even if title did not pass to Gilbreath, the plaintiff as matter of law is precluded by her conduct from denying Gilbreath's authority to sell. "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done." *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291. *Salonen* v. *Paanenen*, 320 Mass. 568, 573. There is nothing in the record relating to the transaction between Beaconsfield Motors and the defendant other than a statement that the latter purchased the automobile from the former on September 24, 1948. The plaintiff's certificate of registration and a bill of sale to Beaconsfield Motors which purports to bear the signature of Gilbreath were in evidence as the defendant's exhibits but it does not appear that the defendant had knowledge of them before or at the time the automobile was bought. From the mere fact of possession of the automobile it could not have been ruled that Beaconsfield Motors was held out by the plaintiff as her agent. *Cardinal* v. *Taylor*, 302 Mass. 220, 223. See *Royle* v. *Worcester Buick Co.* 243 Mass. 143, 146. If there had been evidence that the defendant was influenced by the plaintiff's conduct there might have been a question of fact for the jury. See *Stiff* v. *Ashton*, 155 Mass. 130, 132–133; *Oliver Ditson Co.* v. *Bates*, 181 Mass. 455, 457; *United Shoe Machinery Co.* v. *Bresnahan Shoe Machinery Co.* 197 Mass. 206, 215. It is clear that in its absence the direction of a verdict for the defendant based upon the statute cannot be supported.

*Exceptions sustained.*