*Southern District*

## STOUGHTON SUPPLY & LUMBER CO.
### v.
## MAURICE COOPER ET AL

*Present*: NASH, P. J., CALLAN AND SGARZI, JJ.

*Sgarzi, J.* The plaintiff brought this action in contract against the defendants Maurice Cooper and Esau Cooper, doing business as Cooper Bros. to recover $247.96 representing the balance due for a supply of lumber delivered by the plaintiff to the defendants. The answer is a general denial and allegation of payment.

*At the trial there was evidence that* the defendants were brothers who had been engaged in the contracting business as partners since 1948. In July, 1950 they each lived on Massapoag Avenue in the town of Easton and another brother, one John Cooper lived next door to the defendant Esau Cooper.

The plaintiff is a corporation engaged in the business of selling lumber and building materials. Its records of Customers Accounts kept in the regular course of business were in the custody of its book-

keeper, one Byer, who had been employed in that capacity since 1947. These records disclosed that the plaintiff had an account with the defendants and also an account with Esau Cooper individually.

The plaintiff through its employee, Byer, produced a ledger sheet which contained all accounting records of the plaintiff concerning the transactions involved in this suit. The record was admitted in evidence over the objection of the defendants and marked Exhibit 1. Another record admitted as Exhibit 2 was a carbon copy of Exhibit 1 and bore the signature of J. Cooper. This was introduced to show that the materials described upon it were delivered by the plaintiff to a building foundation adjoining the house on Massapoag Avenue where Esau Cooper lived. There was also additional testimony that in the usual course of the plaintiff's business an additional carbon copy would have been left with the person signing the first carbon, namely Exhibit 2.

There was further testimony that on July 11, 1950 Esau Cooper paid $75.00 on his personal account and on the same day $75.00 was paid on the account in question. On November 18, 1950 a further payment of $25.00 was made on account leaving a balance of $247.96 which is the subject of the suit.

When Exhibit 1 was introduced in evidence the defendants objected to its admission whereupon the judge stated that he "would save the defendants' rights". The defendants however made no oral request for a report and never filed a written request for a report within five days of the ruling.

At the conclusion of the trial and before final arguments the defendants filed the following Request for Ruling: "On all the evidence plaintiff cannot recover for the reason that the evidence does not warrant that the plaintiff made delivery to the defendants and the defendants made any acceptance of the same." The judge disposed of this Request

as follows: "Assuming in favor of the defendants that Rule 27 is not applicable, this request is allowed, but I find as a fact that the plaintiff made delivery to the defendants and that the defendants accepted same."

The judge made the following findings of fact: "By this action of contract, the plaintiff seeks to recover a balance of $247.96 allegedly due according to an account annexed. The answer is denial and payment. At the time, there was evidence tending to show that the plaintiff at all pertinent times, was a dealer in lumber and building supplies. On July 26, 1950 by order of the defendants it delivered eight items of building supplies to them at Massapoag Ave., North Easton, Massachusetts, aggregating $347.96 at a fair and reasonable price, on which the defendants subsequently made two payments totalling $100.00 leaving a balance due of $247.96. Due demand for payment was made on or before November 18, 1950. I find for the plaintiff in the sum of $247.96 with interest from November 18, 1950 to the date of trial, April 26, 1956, 5 years, 5 months and 8 days at 6% per annum — $80.92 plus costs."

The defendants claim to be aggrieved by the refusal of the judge to exclude the testimony of Byer from the ledger sheets, the admission of the ledger sheets into evidence and the refusal to allow their Request for Ruling of Law.

With respect to the defendants' objections to and the admission of the exhibits, Rule 27 of the Rules of District Courts provides that when objection is made to the admission or exclusion of evidence, a claim for a report shall be made at the time of the ruling and shall be reduced to writing in a summary manner and filed with the Clerk within *five days* after the making of the ruling.

It is argued by the defendants that when the judge stated that he "would save the defendants' rights"

this had the effect of waiving the requirements of the rule. It is to be noted that the requirements of the rule are two in number. First, there must be a claim for report at the time the ruling is made, and second, there must be a written claim for report filed with the clerk within *five days* thereafter.

We are of the opinion that the most that can be said of the judge's comment in favor of the defendants' contention is that he acknowledged the defendants' objection and noted their claim for report. That was all that the defendants were required to do at that time. They then had *five days* to review the legal basis for their objection and determine whether they would abandon it or pursue it further. If they decided to pursue it they would then be required to comply with the portion of the rule which refers to the filing of a written statement with the clerk. This involved the performance of a specific act by the defendants based upon the exercise of their own judgment which could not have been anticipated by the judge at the time of the ruling.

It is to be noted that Rules of Court are to be observed strictly. *Famiglietti v. Neviackus,* 324 Mass. 70.

With respect to the defendants' request for ruling of law he is not aggrieved if on the view of the evidence most favorable to the plaintiff there is support for the findings of fact. *Sutherland v. McGee,* 329 Mass. 530; *Royle v. Worcester Buick Co.,* 243 Mass. 143; *Moss v. Old Colony Tr. Co.,* 246 Mass. 139.

We are of the opinion that the evidence together with all reasonable inferences which could be drawn from it was sufficient to support the findings of the Court. *The report is ordered Dismissed.*

Harry A. Marcus, for the Plaintiff.
Victor G. Field, for the Defendants.