*Southern District*

# BOSTON BUILDING & CONSTRUCTION CORP.
## v.
## ALBINA A. MULHERN

—— 1957

*Present:* NASH, P. J., CALLAN AND SGARZI, JJ.

*Callan, J.* Action of replevin to recover possession of a 1955 Chevrolet station wagon.

There was evidence to show that on November 16, 1956 this motor vehicle was replevied from the defendant, the wife of one Russell J. Mulhern, who are living apart under a decree of a probate court. In 1951 the defendant purchased with $200.00 of her own funds a 1936 Chevrolet automobile which was turned in later towards a 1948 Plymouth. Mr. Mulhern contributed part of the purchase price on the 1948 vehicle. Both cars were registered to the defendant. In 1954 the 1948 Plymouth was turned in for a 1949 Chevrolet sedan. The price paid for this car was partly from the turned in Plymouth and partly from cash of the defendant's which she received in settlement of an accident claim on the Plymouth car. The Bill of Sale for the 1949 Chevrolet as well as the registration was in the defendant's name. During the absence of the defendant her husband transferred this car to himself. There was no authorization for this by the defendant. Subsequently, the 1949 Chevrolet was turned in by him for a 1952 Ranch Wagon and registered in his name.

In January of 1956 Mr. Mulhern bought a 1955 Chevrolet which is the subject of this action. On this transaction the 1952 car was turned in as an allowance on the purchase price. A cash deposit was paid by Mr. Mulhern and the balance had to be financed by monthly payments, four of which were paid by the defendant.

Sometime in June, 1956 Mr. Mulhern organized the plaintiff corporation and became its sole stockholder, as well as its President and Treasurer. The motor vehicle in question was transferred without consideration by him to the plaintiff corporation.

The vehicle was used by the plaintiff in connection with its business. While the plaintiff was the registered owner of the vehicle in dispute the defendant took possession of it and attempted to transfer and register it in her own name. No authority was given the defendant for this purpose.

The defendant duly filed three requests for rulings all of which were allowed. The plaintiff duly filed twenty-five requests for rulings certain of which were denied. The judge made a finding of facts and found for the defendant. The plaintiff, claiming to be aggrieved by the granting of the defendant's requests and by the denial of the plaintiff's requests for rulings claims a report to this court for determination.

From the evidence five different automobiles appear to be involved. We will hereafter treat them by number in their chronological order of purchase rather than by their trade names.

The sole question is what title or right to possession, if any, the defendant has in the vehicle in question, for if she has no rights the plaintiff is entitled to recover.

The plaintiff, to recover, must maintain its case on the strength of its own title or claim, and not on the weakness of the defendant's. *McGeever v. Amer. Nat. Red Cross etc.*, 330 Mass. 239; *Dapson v. Daley*, 257 Mass. 195. It must have title to the goods or the right of possession. *Harding v. Eldridge*, 186 Mass. 39; *Jeffrey v. M. W. Leahy & Co.*, 258 Mass. 548.

If the defendant was a co-owner in common of the vehicle in question the plaintiff cannot recover as it does not have the right to the immediate possession as against the co-owner. *Jarvis v. DePeza*, 251 Mass. Page 447; *Bray v. Raymond*, 166 Mass. Page 146.

The first three vehicles were registered in the defendant's name. This is evidence of ownership. Registration of a motor vehicle is evidence, if not

rebutted, to prove ownership, or the right to its exclusive possession and management. *Webber v. Davis,* 5 Allen 393, 396; *U. S. Nat. Bank v. Venner,* 172 Mass. 449; *Trombley v. Stevens-Duryea Co.,* 206 Mass. 516; *MacKenzie v. MacKenzie,* 306 Mass. 291.

The Bill of Sale on the third vehicle was in the defendant's name. The third vehicle when traded in by the defendant's husband was done without authority of the defendant. The judge found that the defendant "did not authorize the signing of her name on the notice of transfer and that she has never since approved it. Mulhern refused his wife's repeated requests that the automobile be transferred to her." There appears to be no evidence that the defendant ever did anything to reclaim her ownership of the third vehicle or to assert her rights in the same. Her silence or failure to repudiate the sale of the third car could have amounted to a ratification. *Nielson, Petitioner,* 236 Mass. 1; Restatement of Law-Agency, §94.

We do not need to decide whether there was a ratification for if there was the defendant lost her title in the third vehicle, and if there was no ratification the defendant's rights lie in the third vehicle and not in the one in issue.

The fourth and fifth cars were registered in the husband's name. This would be some evidence of his ownership in these vehicles. *Trombley v. Stevens-Duryea Co.,* 206 Mass. 516.

There was also evidence that part of the purchase price of both of these cars were paid by the defendant's husband. The defendant's rights if any, in the third car, would not, upon its sale, accrue to her benefit in the fourth or fifth vehicles. Although the defendant had used the fifth vehicle and had paid four notes on the same there appears to be no evidence upon which the court could find that she had an interest therein. Her husband paid part of the purchase price for each vehicle.

In order for the defendant to establish a resulting trust in the fourth and fifth vehicles she would have to show that she furnished the entire consideration or a specific and definite part thereof, for which it was intended she should receive a determinate and fixed fractional interest in the vehicle. *Buck v. Warren*, 14 Gray 122; *McGowan v. McGowan*, 14 Gray 119; *Pollock v. Pollock*, 223 Mass. 382, 384; *Druker v. Druker*, 268 Mass. 334, 340. A resulting trust is not created by implication of law in favor of one who pays part of the purchase money unless payment is made for some specific part or distinct interest.

The doctrine of purchase-money resulting trusts which more often applied in cases of realty, is equally applicable to transfers of personalty, the purchase price for which is paid by one, and title to which is taken in the name of another. *Re Duncan & Goodell Co.*, 15 F. Supp. 550. Payment may be made in property other than money. *Dana v. Dana*, 154 Mass. 491; *Brady v. Brady*, 238 Mass. 302.

The defendant acquired no interest in the fourth and fifth vehicles. Having no title nor the right to possession the defendant could not withhold the vehicle in issue from her husband who had a right to transfer his interest to the plaintiff corporation even though without consideration. Although the judge found that both parties regarded the fourth vehicle as the defendant's, there does not appear to be any evidence to support it.

For the plaintiff to recover it must show that it is the sole owner of the replevied property, and this it has done. *Bray v. Raymond*, 166 Mass. 146; *Jarvis v. DePeza*, 251 Mass. 447.

There was prejudicial error and the finding for the defendant is vacated and an entry is to be made of "Judgment for the Plaintiff for possession."

Maurice H. Kramer, for the Plaintiff.

Russell J. Coffin, for the Defendant.