Bernard R. Kafka for the Defendant.

*Municipal Court of the City of Boston*

No. 37059

**VERA DELPAPE, et al**

v.

**JOSEPH W. McCLEARY, et al**

(November 1—November 19, 1963)

*Present*: Adlow, C. J., Riley & Canavan, JJ.

Case tried to *Brown, Sp. J.*

*Adlow, C. J.* Action of tort for the conversion of a 1954 Chevrolet convertible sold in 1955 under the terms of a conditional sales agreement by Kolligian Motors, Inc. to Francis W. X. McDonald, a dealer in automobiles. McDonald, after exhibiting the car for sale, sold it to a purchaser. The car passed through the hands of various dealers and eventually became the property of Fred Higgins, Inc., motor dealer, in the state of Rhode Island, which sold the car on March 18, 1958 to Hector Delpape of Pawtucket, Rhode Island. In December, 1958, Joseph W. McCleary, acting for Kolligian Motors, Inc., found the car in front of the home of Delpape and repossessed it. The machine was later sold by Kolligian Motors, Inc. In this action Hector Delpape seeks to recover from Joseph McCleary and Kolligian Motors, Inc. for the conversion of the car. After trial there was a finding for the plaintiff, and the defendant being aggrieved by certain rulings of the court brings this report.

Such further facts as are material to the

issues raised by this report will appear in the discussion of the legal principles involved. Nor is it necessary to consider seriatim the many requests for rulings filed by the defendant. It is sufficient for our purposes to consider the general principles applicable to the facts as found by the court.

■ At the outset, *the transaction between Kolligian Motors, Inc. and McDonald was between automobile dealers.* In the previous nine months many cars had been sold by Kolligian Motors, Inc. to McDonald on a credit basis and on the same day that the car in issue was acquired by McDonald, another car was purchased by him under an identical arrangement. Under these circumstances it little lies in the power of Kolligian Motors, Inc. to assert any rights adverse to a purchaser in good faith for value from McDonald. *Burbank v. Crocker,* 7 Gray 158.

■ There was evidence by the manager of Kolligian Motors, Inc., that the transfer to McDonald was with the express understanding that the car was for his personal use. The court did not believe this testimony and so stated. Even if it had believed it, the restriction, if imposed on McDonald, would not affect a purchaser from McDonald unless the buyer knew of it. It would have been a secret limitation on the apparent authority of McDonald and so far as the buyer was concerned the apparent powers of McDonald were his real powers. *Simons v. Northeastern Finance Corp.,* 271 Mass. 285, 290; *Denno*

*v. Standard Acceptance Corp.*, 277 Mass. 251, 255.

We must look to the law in effect in 1953 when the original transaction was consummated. From the course of dealings between Kolligian Motors, Inc. and McDonald, it is clear that McDonald had apparent authority to sell the car and convey a good title. What happened in this case comes clearly within the provisions of G. L. (Ter. Ed.) c. 106, §25 (1) which protected the owner's title

> "unless the owner of the goods is by his conduct precluded from denying the sellor's authority to sell."

See *Denno v. Standard Acceptance Corp.*, 277 Mass. 251, 254-255.

The defendants have challenged the sufficiency of the evidence to sustain the court's finding that the defendants were estopped by their conduct from challenging the plaintiff's title. There may be serious doubts as to whether a technical estoppel is established by these facts, but the situation clearly comes within the scope of such conduct as precludes the owner from denying McDonald's authority to sell. The many cases in the books in which bona fide purchasers' rights have been protected clearly reveal that the rules invoked by the court accorded with accepted principles. *Simons v. Northeastern Finance Co.*, 271 Mass. 285; *Tripp v. Nat. Shawmut Bank of Boston*, 263 Mass. 505; *Denno v. Standard Acceptance Corp.*, 277 Mass. 251; *Handy v. C. I. T. Corp.*, 291 Mass. 157.

The cases in which bona fide purchasers have been denied a good title can easily be distinguished. They do not represent ordinary routine transactions between dealers. In *Essex County Acceptance Corp. v. Pierce Arrow and Co.,* 288 Mass. 270, the purchaser for value was put on notice that there was an infirmity in its transferor's title. In *McGeever v. American National Red Cross,* 330 Mass. 239, the bona fide purchaser for value had received from one who had acquired the car by fraud. In *Commercial Credit Corporation v. Stan Cross Buick, Inc.,* 343 Mass. 622, the car in issue had been left for storage with the party from whom the bona fide purchaser claimed title. In none of these situations were the cars acquired in the regular course of dealings between dealers. They can be clearly distinguished from the cases decided against the conditional vendors.

In the cause under review there was ample evidence to sustain the court's finding that the delivery of the car to McDonald conferred on him both an implied and apparent authority to transfer a good title to any bona fide purchaser.

There being no error, the order must be *Report dismissed.*

Harold H. Winsten, of Boston, for the Plaintiff.
Arthur Gilman, of Boston, for the Defendant.